Robert A. YOUNG and Gertrude R. Young, and R. & G. Young Vineyards, Inc., Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 80–7003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 13, 1981.

Decided July 13, 1981.

Edwin C. Anderson, Jr., Spridgen, Barrett, Achor, Luckhardt, Anderson & James, Santa Rosa, Cal., for petitioners.

Kristina E. Harrigan, Washington, D. C., for respondent.

Before TANG and CANBY, Circuit Judges, and WILLIAMS, District Judge.*

DAVID W. WILLIAMS, District Judge:

This is an appeal from a Tax Court decision finding deficiencies in the corporate income taxes of R. and G. Young Vineyards for the fiscal years 1973 and 1974. At issue is whether the salary and bonus paid by the corporation to its president, Robert Young, constituted reasonable compensation deductible as a business expense under Section 162(a)(1) of the Internal Revenue Code. 26 U.S.C. § 162(a)(1).

Robert Young has farmed in Sonoma County since the mid-1930's. Prior to 1963, he used his acreage as pasture and to raise prunes. He then began conversion of his pasture into vineyards, concentrating on the growing of varietal grapes used for premi-

---

* The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.

um wines. Young proved to be an efficient, innovative, and highly successful viticulturist. Wine from his grapes, marketed under the Chateau St. Jean label, have received several medals in wine competitions.

Prior to 1972, Young conducted his operation as a sole proprietorship. Unlike most other farms in the area, he did not employ a manager or foreman. Instead, he and his wife, Gertrude, assumed all of the major responsibilities in the operation. He set planting schedules, selected the types of grape and root stock to be used, and personally supervised the activities of his workers. Several improvements were made upon the property, including the installation of a frost-control and sprinkler system and an irrigation mechanism.

On November 24, 1972, Young and his wife organized the taxpayer corporation to operate the farm previously operated as a sole proprietorship. Upon incorporation of R. & G. Young Vineyards, Inc., Young transferred machinery, equipment, accounts receivable, and other assets worth $111,000 to the corporation in exchange for 100% of its capital stock. The sole proprietorship retained all of the real property, however, and leased the vineyards to the corporation for an annual rent of $105,000. The corporation employed Young as president at a salary of $100,000 plus an annual bonus. The size of the bonus was to be set by the corporation's Board of Directors comprised of Young, his wife, and their accountant. Young also received a health insurance policy and reimbursement for automobile expenses.

On November 6, 1973, the corporation voted Young a bonus of 50% of the corporation's pre-tax net profits. A similar bonus was approved in 1974. As a result, Young's compensation from salary and bonuses was $181,074, in 1973, and $120,000 in 1974. The corporation has never paid any dividends. In setting Young's compensation for the two taxable years, the corporation took into account not only the services rendered to it in those two years, but also services rendered by Young to the sole proprietorship prior to incorporation. This was based on the belief that Young had been undercompensated for past services to the sole proprietorship.

The Commissioner of Internal Revenue determined that the salary and bonuses paid by the corporation to Young were in excess of reasonable compensation. It ruled that $40,000 was a reasonable annual salary and that the remaining compensation constituted non-deductible dividend distributions. The Tax Court rejected the Commissioner's estimate of a reasonable compensation, and held that $75,000 was an appropriate annual salary for the years involved. The Court also rejected the corporation's attempt to compensate Young for his past services to the predecessor sole proprietorship, holding that a corporation cannot deduct compensation for past services rendered to a pre-existing sole proprietorship without violating the separateness of the two entities. Alternatively the Court ruled that the evidence failed to show that Young had been undercompensated by the sole proprietorship. We affirm.

The taxpayer has not challenged the Tax Court's determination that $75,000 is a reasonable annual compensation for the services Young actually rendered to the corporation during 1973 and 1974. The sole issue for decision, therefore, is whether the corporation is entitled to deduct compensation paid to Young for past services to the sole proprietorship.

Section 162(a)(1) of the Internal Revenue Code permits the deduction as a business expense of a reasonable allowance for services or other compensation for services actually rendered to a business. Amounts in excess of reasonable compensation are not deductible by a corporation, but must instead be treated as taxable dividends. *Nor-Cal Adjusters v. Commissioner*, 503 F.2d 359, 361 (9th Cir. 1974). Section 162(a)(1) also permits a corporation to deduct compensation paid for past as well as present services rendered to itself. *Lucas v. Ox Fibre Brush Co.*, 281 U.S. 115, 119, 50 S.Ct. 273, 274, 74 L.Ed. 733 (1930). On the other hand, attempts to compensate for prior services to predecessor sole proprietor-

ships have been rejected on the grounds that a corporation is a separate entity whose existence must be respected and whose trade or business is separate from the trade or business of its shareholders. *LeMastro v. Commissioner*, 72 T.C. 377, 383–84 (1979); *U. S. Asiatic Co. v. Commissioner*, 30 T.C. 1373, 1380 (1958). *Cf., Deputy v. DuPont*, 308 U.S. 488, 494, 60 S.Ct. 363, 366, 84 L.Ed. 416 (1940).

■ Appellant contends that the prior services were in fact rendered to the corporation, and that it is therefore entitled to deduct compensation for those past services. This contention might be persuasive had the corporation absorbed the sole proprietorship and taken title to all of its assets. That is not the case here. The true beneficiary of Young's past services, the sole proprietorship, continued in existence after the incorporation and retained its most valuable asset, the land. Young's past services still may be compensated by means of the increased rental and resale value of the land retained by the sole proprietorship and leased to the corporation. The value of Young's past services to the sole proprietorship cannot also be recovered by means of compensation from a corporation which purchased only some of the assets of the pre-existing sole proprietorship.

Appellant's reliance on *R. J. Nicoll Co. v. Commissioner*, 59 T.C. 37 (1972), is misplaced. In *Nicoll*, the Tax Court held that compensation for past services paid by a successor corporation was reasonable because the corporation was the direct beneficiary of the prior undercompensated services. The successor taxpayer corporation in *Nicoll* resulted from a divisive reorganization and the predecessor corporation did not remain in existence. Unlike the instant case, the corporate taxpayer in *Nicoll* succeeded to all attributes of the predecessor corporation including the right to compensate its employees for past undercompensated services.

AFFIRMED.