COMTEC SYSTEMS, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Comtec Sys. v. Commissioner
Docket No. 24015-91
United States Tax Court
T.C. Memo 1995-310; 1995 Tax Ct. Memo LEXIS 309; 70 T.C.M. (CCH) 52; July 13, 1995, Filed *309 For petitioner: Magda Abdo-Gomez. For respondent: Avarian R. McKendrick and Ellen T. Friberg. COLVIN
COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: This matter is before the Court on petitioner's motion for litigation costs under section 7430 and Rule 231. To prevail, petitioner must show that respondent's position in the underlying litigation was not substantially justified. We conclude that petitioner has not made this showing. Thus, petitioner's motion will be denied. The parties have submitted affidavits and memoranda supporting their positions. We decide the motion based on petitioner's motion, respondent's objection, and affidavits provided by the parties. There are no significant conflicts of fact presented by the affidavits. Neither party requested a hearing, and we conclude that a hearing is not necessary to properly decide this motion. Rule 232(a)(3). Section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure. Background
1. Petitioner and the Underlying Tax Case
Petitioner is a closely held corporation, the principal place of business of which *310 was in Florida when it filed its petition. The primary issue in the underlying case, Comtec Systems, Inc. v. Commissioner, T.C. Memo. 1995-4, filed January 9, 1995, was whether petitioner could deduct as reasonable compensation amounts it paid to Vernon and Reda Beard and petitioner's directors in fiscal year 1988. Petitioner deducted as compensation for that year $ 683,368 for Vernon Beard, $ 56,881 for Reda Beard, and $ 7,500 for the directors. Respondent determined that the amounts of compensation petitioner paid to Vernon and Reda Beard and the directors were not reasonable. Both parties called expert witnesses to testify. In the notice of deficiency, respondent determined that petitioner could deduct $ 243,368 for Vernon Beard, $ 26,881 for Reda Beard, and $ 3,500 for the directors. We held for petitioner with respect to compensation paid to Vernon and Reda Beard, and for respondent with respect to compensation paid to the directors. Discussion
1. Motion for Litigation Costs: Introduction
Generally, a taxpayer who has substantially prevailed in a Tax Court proceeding may be awarded reasonable litigation costs. Sec. 7430(a). To be entitled *311 to an award, the taxpayer must: (a) Exhaust administrative remedies. Sec. 7430(b)(1). Respondent concedes that petitioner meets this requirement. (b) Substantially prevail with respect to the amount in controversy. Sec. 7430(c)(4)(A)(ii)(I). Respondent concedes that petitioner meets this requirement. (c) Show that the position of the United States in the action was not substantially justified. Sec. 7430(c)(4)(A)(i). Respondent contends and we hold that petitioner does not meet this requirement. (d) Be an individual whose net worth did not exceed $ 2,000,000, or an owner of an unincorporated business, or any partnership, corporation, etc., the net worth of which did not exceed $ 7,000,000, when the petition was filed. Sec. 7430(c)(4)(A)(iii); 28 U.S.C. sec. 2412(d)(2)(B) (1988). Respondent contends that petitioner does not meet this requirement. We need not decide this issue because of our conclusion that respondent's position was substantially justified. (e) Establish that the amount of costs and attorney's fees claimed by petitioner is reasonable. Sec. 7430(a), (c) (1). Respondent contends that petitioner does not meet this requirement. We *312 need not decide this issue because of our conclusion that respondent's position was substantially justified. A taxpayer must meet each requirement before the Court may order an award of litigation costs under section 7430. Minihan v. Commissioner, 88 T.C. 492, 497 (1987). The taxpayer has the burden of proving that it meets each requirement. Rule 232(e); Estate of Johnson v. Commissioner, 985 F.2d 1315, 1318 (5th Cir. 1993); Gantner v. Commissioner, 92 T.C. 192, 197 (1989), affd. 905 F.2d 241 (8th Cir. 1990). 2. Whether Respondent's Position Was Substantially Justified
A taxpayer must establish that the position of the United States in the litigation was not substantially justified to be entitled to an award for litigation costs. Sec. 7430(c)(4)(A)(i). The substantially justified standard is a reasonableness standard. Pierce v. Underwood, 487 U.S. 552, 563-565 (1988). The "position of the United States" for purposes of litigation costs means the position taken by the United States in a judicial proceeding. Sec. 7430(c)(7)(A). *313 Respondent took a position in this proceeding on the date the answer was filed. Han v. Commissioner, T.C. Memo. 1993-386. The Equal Access to Justice Act's substantially justified standard requires that the Government's position be justified to a degree that would satisfy a reasonable person. Pierce v. Underwood, supra at 565. That interpretation also applies to motions for litigation costs under section 7430. Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139-140 (6th Cir. 1992), affg. T.C. Memo. 1990-316; Powers v. Commissioner, 100 T.C. 457, 472 (1993), affd. on this issue and revd. in part and remanded on other issues 43 F.3d 172 (5th Cir. 1995), remanded, 75 AFTR 2d par. 95-1883 (costs proceeding). "Substantially justified" means "'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person", Pierce v. Underwood, supra; Powers v. Commissioner, supra at 473. *314 This standard is no different from the "reasonable basis both in fact and law" formulation adopted by the vast majority of the Courts of Appeals. Pierce v. Underwood, supra; see, e.g., Hanover Bldg. Matls., Inc. v. Guiffrida, 748 F.2d 1011, 1015 (5th Cir. 1984). For a position to be substantially justified, there must be "substantial evidence" to support it. Pierce v. Underwood, supra at 564-565; Powers v. Commissioner, supra at 472-473. The fact that the Commissioner eventually loses or concedes the case is not in itself sufficient to establish that a position is unreasonable. Wilfong v. United States, 991 F.2d 359, 364 (7th Cir. 1993); Hanson v. Commissioner, 975 F.2d 1150, 1153 (5th Cir. 1992), revg. an unpublished Order of this Court. However, it is a factor to be considered. Heasley v. Commissioner, 967 F.2d 116, 120 (5th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-189; Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991); *315 Powers v. Commissioner, supra at 471. The taxpayer need not show bad faith to establish that the Commissioner's position was not substantially justified for purposes of a motion for litigation costs under section 7430. Estate of Perry v. Commissioner, supra; Powers v. Commissioner, supra.
3. Whether Respondent's Position That Petitioner's Compensation to its Officers Was Unreasonable Was Substantially Justified
Respondent's position in Comtec Systems, Inc. v. Commissioner, supra, was that, for fiscal year 1988, petitioner's compensation to Vernon Beard of $ 683,368 and to Reda Beard of $ 56,881 was unreasonable, and that $ 243,368 for Vernon Beard and $ 26,881 for Reda Beard was reasonable. Whether compensation is reasonable is a question of fact. Botony Worsted Mills v. United States, 278 U.S. 282, 289-290 (1929); Trinity Quarries, Inc. v. United States, 679 F.2d 205, 210 (11th Cir. 1982); Estate of Wallace v. Commissioner, 95 T.C. 525, 553 (1990), *316 affd. 965 F.2d 1038 (11th Cir. 1992). a. Respondent's Basis in Fact
Petitioner contends that respondent placed too much emphasis on the fact that petitioner had no documents to support its position; respondent should have believed Vernon and Reda Beard's statements supporting petitioner's position; and respondent should have adopted the position of petitioner's expert rather than respondent's expert. Respondent's position was based on various facts, such as: Vernon Beard was petitioner's sole shareholder who did not deal at arm's length with petitioner to set his or Reda Beard's compensation; Reda Beard was Vernon Beard's wife and an officer of petitioner; Vernon and Reda Beard were petitioner's only officers; petitioner alleged that some of Vernon and Reda Beard's compensation was intended to be "catchup" pay for service in prior years, yet petitioner had no documents showing that it intended to pay its employees for services rendered in prior years. Also, respondent's expert compiled useful statistics from the Almanac of Business and Industrial Financial Ratios, Robert Morris Associates, Research Institute of America, Executive Compensation Survey, *317 and Competitive Salary Assessor. Although we concluded in the underlying case that petitioner's evidence was more convincing than respondent's, we also believe that respondent's position had a reasonable basis in fact. b. Respondent's Basis in Law
The parties generally agreed on the factors courts have used to decide whether compensation is reasonable, but disagreed on how they applied to the facts of this case. Petitioner contends that respondent failed to follow Lucas v. Ox Fibre Brush Co., 281 U.S. 115, 119 (1930); Lewis & Taylor, Inc. v. Commissioner, 447 F.2d 1074, 1077-1078 (9th Cir. 1971), revg. T.C. Memo. 1969-82; and Old Colony Ins. Serv., Inc. v. Commissioner, T.C. Memo. 1981-177, which held that a corporation may deduct compensation paid to individuals in later years for service in prior years if there is an agreement or intent to do so. Respondent properly recognized that the law allows an employer to deduct catchup payments if petitioner meets certain requirements. Respondent contended that petitioner did not meet the requirements because petitioner *318 had no records showing an agreement or intent to make catchup payments. Respondent also contended that petitioner could not deduct payments made to Vernon and Reda Beard for services rendered in prior years to predecessor entities, citing LaMastro v. Commissioner, 72 T.C. 377 (1979); Bianchi v. Commissioner, 66 T.C. 324 (1976), affd. without published opinion 553 F.2d 93 (2d Cir. 1977); and Young v. Commissioner, T.C. Memo. 1979-242, affd. 650 F.2d 1083 (9th Cir. 1981). Petitioner argued that petitioner may deduct compensation paid in a year for services rendered in prior years to a predecessor entity if: (i) The other entity is in fact a predecessor; (ii) the Beards were undercompensated in those years; and (iii) petitioner benefited from those undercompensated services (citing R.J. Nicoll Co. v. Commissioner, 59 T.C. 37, 50-51 (1972)). We concluded that, "The instant case is more like R.J. Nicoll Co. than Young, LaMastro, or Bianchi." Although we agreed with petitioner in the underlying case, *319 we believe that respondent's position had a reasonable basis in law. 4. Conclusion
We conclude that respondent's position had a reasonable basis in both law and fact. Accordingly, we hold that respondent's position was substantially justified. In light of this conclusion, we need not decide whether petitioner's net worth exceeded $ 7,000,000 or whether the amount of costs petitioner claims is reasonable. Petitioner's motion for litigation costs under section 7430 will be denied. To reflect the foregoing, An appropriate order and decision will be entered.