**Antonio R. DURANDO; Naomiann N. Durando, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 94–15716.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 1995.

Decided Nov. 16, 1995.

Antonio R. Durando, Naomiann N. Durando, Tucson, Arizona, pro se, for plaintiffs-appellants.

Bruce R. Ellison, Billie L. Crowe, Tax Division, United States Department of Jus-

tice, Washington, D.C., for defendant-appellee.

Before: SNEED, PREGERSON, and FERDINAND F. FERNANDEZ, Circuit Judges.

SNEED, Circuit Judge:

Appellants are self-employed legal and business advisors who own shares in, and provide services to, several S corporations. They appeal from the district court's grant of summary judgment against them in their income tax refund action against the United States. Their complaint alleged that the Internal Revenue Service (IRS) improperly disallowed Keogh plan deductions which they claimed in their 1985 and 1987 joint income tax returns based on their pro rata shares of pass-through income from the S corporations. Thus, the question for decision is whether S corporation pass-through income can be treated as net earnings from self-employment for Keogh plan deduction purposes. The district court, in granting summary judgment to the United States, answered the question negatively. We affirm.

## I.

### JURISDICTION AND STANDARD OF REVIEW

Jurisdiction in the district court was proper under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422. This court has jurisdiction under 28 U.S.C. § 1291. The appeal was timely filed. Fed.R.App.P. 4(a).

The issue for review, which was submitted to the district court on cross-motions for summary judgment[1] based on stipulated facts, is a legal one subject to *de novo* review. *Transamerica Corp. v. United States,* 999 F.2d 1362, 1364 (9th Cir.1993). Because this issue is one of first impression for the courts, the outcome depends largely on our construction of the relevant provisions of the Internal Revenue Code (Code). The district court's interpretation of the Code is also subject to *de novo* review. *Katherine Lynn McCarthy Trust v. C.I.R.,* 817 F.2d 558, 559 (9th Cir. 1987).

## II.

### FACTS AND PROCEEDINGS BELOW

Antonio and Naomiann Durando, self-employed individuals and shareholders in several S corporations,[2] in their 1985 and 1987 joint income tax returns claimed Keogh retirement plan deductions[3] of $9,318.81 and $9,110.25 respectively. They derived these figures by adding the amounts reported on their Schedules C (Profit (or Loss) From Business or Profession), to their pro rata shares of income from the S corporations, as reported on their Schedules K–1 (Shareholder's Share of Income, Credits, Deductions, etc.), and taking the allowable deduction of

---

1. Appellants' motion, denied by the district court, was technically for partial summary judgment on the purely legal question which we now address. In their brief on appeal, appellants argue that the district court improperly based its ruling on disputed facts regarding whether appellants had in fact provided material income-producing services to the corporations. We disagree. The district court properly ruled on the legal question before it.

2. An S corporation is a small business corporation for which an election under Subchapter S of the Internal Revenue Code (Code) is in effect. I.R.C. § 1361(a)(1). Although treated like ordinary "C" corporations in many respects, S corporations are taxed like partnerships: income is passed through to the shareholders, who report their pro rata shares on their individual income tax returns. *See* I.R.C. §§ 1363(a), 1366(a), 1371(a)(1).

3. Keogh plans are retirement plans for self-employed individuals. They were first added to the category of tax-exempt employee benefit plans by the Self-Employed Individuals Tax Retirement Act of 1962, Pub.L. No. 87–792, 76 Stat. 809. A self-employed individual can deduct contributions to a qualified retirement plan up to a limit of 15% of his or her earned income. I.R.C. §§ 404(a)(3)(A), 404(a)(8)(D).

15% of the total.[4] Although Antonio Durando allegedly spent a substantial amount of time providing business and legal services to at least one of the S corporations, appellants did not report their pro rata shares of income reported on Schedules K–1 as net earnings for self-employment tax purposes.[5]

The IRS disallowed the portions of the Keogh plan deductions attributable to appellants' pro rata shares of income from the S corporations and issued a deficiency notice. After paying the deficiency and filing an unsuccessful refund claim with the IRS, appellants brought this suit in the district court to obtain a refund of 1985 and 1987 income taxes paid as a result of the IRS' disallowance of most of their Keogh deductions. On cross-motions for summary judgment, the district court ruled that pass-through income from an S corporation is not net earnings from self-employment for purposes of Keogh plan deductions, and granted summary judgment against the appellants. This timely appeal followed.

### III.

### *DISCUSSION*

### A.

 In interpreting the Internal Revenue Code, we strictly construe Code provisions granting exemptions and deductions. *INDOPCO, Inc. v. Commissioner,* 503 U.S. 79, 84, 112 S.Ct. 1039, 1042–43, 117 L.Ed.2d 226 (1992); *Grimes v. Commissioner,* 806 F.2d 1451, 1453 (9th Cir.1986). The burden of proving an erroneous deficiency in a tax refund suit rests with the taxpayer. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Niles By and Through Niles v. United States,* 710 F.2d 1391, 1393 (9th Cir.1983). Courts give deference to IRS rulings and interpretations of the Code. *Davis v. United States,* 495 U.S. 472, 484, 110 S.Ct. 2014, 2021–22, 109 L.Ed.2d 457 (1990); *Walt Disney Inc. v. Commissioner,* 4 F.3d 735, 740 (9th Cir.1993).

To understand the issue the taxpayers present requires a description of the applicable statutory structure. A taxpayer may deduct from his reported income certain contributions to a qualified retirement plan. In order to qualify for deductions, the plan must be "of an employer for the exclusive benefit of his employees or their beneficiaries." I.R.C. § 401(a). Section 404(a)(8) extends this benefit to self-employed individuals by expanding the definitions of the terms "employee" and "employer." "Employee" is defined to include self-employed individuals. I.R.C. § 401(c)(1). "Employer" is expanded thus: "An individual who owns the entire interest in an unincorporated trade or business shall be treated as his own employer. A partnership shall be treated as the employer of each partner who is an employee within the meaning of [Section 401(c)(1)]." I.R.C. § 401(c)(4). These expanded definitions explicitly encompass partners and sole propri-

---

**4.** The figures in the two returns are as follows:

1985 return:

| | |
|---|---|
| $13,882.50 | from Schedule C |
| $55,673.61 | from Schedule K–1 (Hawks Nest Coal Yard, Inc.) |
| − $7,131.00 | from Schedule K–1 (Prince & Poor Corp.) |
| $62,125.00 | total |
| x15% | allowed Keogh Plan contribution |
| $9,318.81 | reported deduction |

1987 return:

| | |
|---|---|
| $10,047.10 | from Schedule C |
| $59,440.37 | from Schedule K–1 (Hawks Nest Coal Yard, Inc.) |
| − $ 8,752.50 | from Schedule K–1 (Tonnan Enterprises) |
| $60,734.97 | total |
| x15% | allowed Keogh Plan contribution |
| $9,110.25 | reported deduction |

**5.** This was proper, according to IRS instructions. *See* Rev.Rul. 59–221, 1959–1 C.B. 225; IRS Pub. No. 533, Self–Employment Tax (for use in preparing 1985 returns) ("If you are a shareholder in an S corporation, your share of the corpora-

tion's taxable income is not self-employment income, even though you include it in your gross income for income tax purposes.").

etors, but say nothing about S corporation shareholders.

Nor do the provisions that define "self-employed individual" encompass S corporation shareholders. A self-employed individual is one who has "earned income." I.R.C. § 401(c)(1)(B). Earned income means "net earnings from self-employment (as defined in section 1402(a))." I.R.C. § 401(c)(2)(A). Net earnings from self-employment means "the gross income derived by an individual from any trade or business carried on by such individual ... plus his distributive share ... from any trade or business carried on by a partnership of which he is a member," excluding dividends received on any share of stock. I.R.C. § 1402(a).

■ Although these provisions explicitly encompass income derived from a sole proprietorship or a partnership within the meaning of net earnings from self-employment, no language exists indicating that S corporation pass-through income also constitutes net earnings from self-employment. Thus, the relevant Code provisions authorize both partners and sole proprietors, but not S corporation shareholders, to deduct contributions to qualified retirement plans.

■ Nor is this a problematic omission. S corporations can establish retirement plans for their employees, including those who are also shareholders. *See* I.R.C. § 1372(a). Shareholders, like appellants, who provide services to an S corporation can be treated like employees and covered by that corporation's retirement plan.[6]

■ This treatment is quite consistent with the nature of S corporations. Congress created S corporations to give small businesses the benefits of the corporate form, such as limited liability for shareholders, without the disadvantages of corporate taxation. *See* S.Rep. No. 1983, 85th Cong., 2d Sess. 87 (1958), *reprinted in* 1958–3 C.B. 922, 1137–47 (new subchapter "permits businesses to select the form of business organization desired, without the necessity of taking into account major differences in tax consequence"); Boris I. Bittker & Lawrence Lokken, *Federal Taxation of Income, Estates & Gifts* § 95.6.1 (2d ed. 1989). In most respects, S corporations are treated like C corporations. I.R.C. § 1371(a) ("Except as otherwise provided in this title, and except to the extent inconsistent with this subchapter, subchapter C shall apply to an S corporation and its shareholders.").[7] However, S corporations are taxed much like partnerships: rather than paying income tax itself, the corporation passes its income through to its shareholders, who report their pro rata shares on their individual income tax returns. I.R.C. §§ 1363(a), 1366(a).[8] Nonetheless, there are fundamental structural and operational differences between corporations and partnerships.[9] *See generally* Bittker &

---

6. *See* IRS Pub. 533 ("If you are a shareholder and also an officer of an S corporation and perform substantial services, you are an employee of the S corporation.").

7. The principal difference between a C corporation and an S corporation, besides tax treatment, is that an S corporation is a small business limited to 35 shareholders and one class of stock. I.R.C. § 1361(b)(1).

8. Like tax treatment of partnerships is authorized by I.R.C. § 701. Still, the tax treatment of S corporations and partnerships is not identical. As *noted earlier, one important difference* is that pass-through income from partnerships is explicitly included in the Code's definition of "net earnings from self-employment," while that of S corporations is not:

> The term 'net earnings from self-employment' means the gross income derived by an individual from any trade or business carried on by such individual ... plus his distributive share

> ... of income or loss ... from any trade or business carried on by a partnership of which he is a member....

I.R.C. § 1402(a).

9. Most basically, it is a longstanding rule that a corporation and its shareholders are separate entities, including "in respect of tax problems." *New Colonial Ice Co., Inc. v. Helvering*, 292 U.S. 435, 442, 54 S.Ct. 788, 791, 78 L.Ed. 1348 (1934); *Rogan v. Starr Piano Co., Pacific Division*, 139 F.2d 671, 674 (9th Cir.1943), *cert. denied*, 322 U.S. 728, 64 S.Ct. 945, 88 L.Ed. 1563 (1944). The business of a corporation is not the business of its shareholders. *Deputy v. du Pont*, 308 U.S. 488, 494, 60 S.Ct. 363, 366–67, 84 L.Ed. 416 (1940) ("The well established decisions of this Court do not permit any such blending of the corporation's business with the business of its stockholders."); *Young v. C.I.R.*, 650 F.2d 1083, 1085 (9th Cir.1981) (corporation's "trade or business is separate from the trade or business of its shareholders"); J. Eustice & J. Kuntz, *Federal*

Lokken, *Federal Taxation of Income, Estates & Gifts* § 95.6.1.

■ These differences make it improper to treat income earned by a corporation through its trade or business as though it were earned directly by its shareholders, even when, as here, the shareholders' services help to produce that income. An S corporation's income passes through to its shareholders not because they helped to create that income, but because they are shareholders. *See* I.R.C. § 1366(a).

### B.

■ In an effort to overcome the logic of the organizing principle and statutory structure of S corporations, appellants attempt to rest their case on a few bits of inapplicable statutory and regulatory law. For example, appellants place great weight on Code sections 1366(b) and 1366(c), which concern the tax treatment of S corporation shareholders. Section 1366(b) states:

> The character of any item included in a shareholder's pro rata share ... shall be determined as if such item were realized directly from the source from which realized by the corporation, or incurred in the same manner as incurred by the corporation.

Appellants argue that this provision means that income to the corporation should be treated as self-employment income to its shareholders.[10] However, the IRS has ruled that S corporation pro rata shares are not included in net earnings for Self–Employment Contributions Act purposes. Rev.Rul. 59–221, 1959–1 C.B. 225. Appellants show no good reason why pass-through income should nonetheless be treated as self-employment income for Keogh plan deduction purposes.

Appellants cite Treasury Regulation § 1.401–10(c)(2) to counter the impact of Revenue Ruling 59–221. That regulation reads, in part:

*Income Taxation of S Corporations* § 7.12 (3d ed. 1993).

**10.** Relying on section 401(c)(2)(A), appellants would limit such treatment to shareholders

> [A]n individual may have net earnings from self-employment, as defined in section 1402(a), even though such individual does not have self-employment income, as defined in section 1402(b), and, therefore, is not subject to the tax on self-employment income imposed by section 1401.

Treas.Reg. § 1.401–10(c)(2). It is inapposite with respect to the issue before us. Self-employment income, as defined in section 1402(b), simply establishes minimum levels of net earnings that can be taxed. Thus, for instance, if an individual's net earnings in a taxable year are less than $400, those net earnings from self-employment are not counted as self-employment income for tax purposes. I.R.C. § 1402(b)(2). This provision, and the treasury regulation implementing it, perform a limited function. They do not support appellants' much broader proposition that income can be treated as net earnings from self-employment *for an entirely different purpose* (i.e. calculating Keogh plan deductions), though not so treated for self-employment tax purposes.

■ Appellants rely next on section 1366(c), which states:

> In any case where it is necessary to determine the gross income of a shareholder for purposes of this title, such gross income shall include the shareholder's pro rata share of the gross income of the corporation.

Appellants read this provision to mean, in conjunction with section 1366(b), that S corporation pass-through income should be treated as though earned directly by the shareholder. Gross income, however, is not synonymous with net earnings from self-employment. The latter includes only that portion of gross income "derived by an individual from any trade or business *carried on by such individual.*" I.R.C. § 1402(a) (emphasis added). Thus, a shareholder must include pass-through income in calculating his gross income, but not in calculating his net earnings from self-employment. Again, this

whose "personal services ... were a material income-producing factor to the business of the Subchapter S corporation."

comports with the fundamental rule that the business of a corporation is not the business of its shareholders.

### C.

The legislative history of Keogh plans confirms our analysis. Reports from both houses of Congress state that the bill which established Keogh plans "provide[d] a series of special requirements for qualification of retirement plans which cover self-employed individuals (*sole proprietors and partners*)." S.Rep. No. 992, 87th Cong., 1st Sess. 10 (1961), *reprinted in* 1962–3 C.B. 303, 312; H.R.Rep. No. 378, 87th Cong., 1st Sess. 6 (1961), *reprinted in* 1962–3 C.B. 261, 266 (emphasis added). Thus, Congress clearly intended to include partners and sole proprietors within the meaning of self-employed individuals, but it did not so include S corporation shareholders who perform services for the corporation.

Furthermore, Congress enacted the Self–Employed Individuals Tax Retirement Act of 1962 shortly after the IRS had issued the previously cited Revenue Ruling 59–221. That ruling, to repeat, is that S corporation pass-through income is not to be treated as net earnings from self-employment for self-employment tax purposes. Had Congress desired to treat pass-through income as net earnings from self-employment *for Keogh plan deduction purposes* despite the ruling, it could have done so. It did not do so then. Nor did it address the issue in 1982 when it significantly revised both the S corporation provisions, *see* Subchapter S Revision Act of 1982, Pub.L. 97–354, 96 Stat. 1669, and the Keogh plan provisions, *see* Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, 96 Stat. 324. Simply put, there is no support for appellants' position in either the language of the Code or the relevant legislative history.

### IV.

#### CONCLUSION

Appellants agreed to provide services to the S corporations at issue without receiving fixed compensation as employees. They were no doubt pursuing so vigorously their strained reading of the Code because without the Keogh plan deductions, they will have received no, or nearly no, compensation for their services. Although that is unfortunate, we cannot provide a remedy by misconstruing the Internal Revenue Code. It is clear that the district court correctly applied the relevant law. Therefore, we affirm the grant of summary judgment in favor of the United States.

AFFIRMED.