T.C. Memo. 1997-435


UNITED STATES TAX COURT


PAUL B. AND JANE C. DING, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15935-95.            Filed September 24, 1997.


Paul B. and Jane C. Ding, pro sese.

<u>Robert J. Burbank</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' 1991 and 1992 Federal income taxes in the amounts of $3,562 and $6,159, respectively.

The deficiencies are attributable primarily to respondent's determinations that petitioners understated Paul B. Ding's self-employment tax liabilities for the years in issue. The issues for decision are: (1) Whether pass-through items from certain S corporations are taken into account in computing Paul B. Ding's self-employment income for each year; and (2) whether a carryover loss from 1991 can be taken into account in computing Paul B. Ding's self-employment income for 1992.

### FINDINGS OF FACT

Some of the facts have been stipulated, and they are so found. Petitioners filed joint Federal income tax returns for the years 1991 and 1992. At the time the petition was filed in this case petitioners resided in St. Louis, Missouri. References to petitioner are to Paul B. Ding.

During the years in issue, petitioners were shareholders in, and petitioner was president of, three corporations (the S corporations), each of which had an election under section 1362(a) in effect for one or both years. Each corporation was organized to take advantage of the limited liability characteristic of that form of business. Petitioners owned 100 percent of the stock of one of the S corporations and at least 50

percent of the stock of each of the others. Two of the S corporations owned and operated restaurants. The third owned and operated a 30-room motel. Through a sole proprietorship, Ding Trading, petitioner, or petitioners, provided various services to the S corporations.

Petitioners devoted substantial time to the business activities of the S corporations during the years in issue. They were actively involved in the conduct of those businesses on a daily basis, as summarized by petitioner, "[doing] everything" that needed to be done. Petitioners considered themselves to be independent contractors who provided services to the S corporations on a contractual basis through Ding Trading. The S corporations paid consulting fees to Ding Trading and, along with other income, these fees were reported on Schedules C included with petitioners' 1991 and 1992 Federal income tax returns.

In computing petitioner's self-employment tax liabilities for the years in issue, petitioners took into account net profits and losses from petitioner's sole proprietorships (including Ding Trading), a partnership loss, and pass-through items from the S corporations. For 1991, because of the amount of the losses from two of the S corporations, petitioners reported that petitioner had negative net earnings from self-employment and no self-employment tax liability. For 1992, petitioners treated the excess of 1991 losses over 1991 income as some form of carryover

loss. They included the carryover loss in the computation of petitioner's 1992 self-employment tax. Once again they reported that petitioner had negative net earnings from self-employment and no self-employment tax liability.

In the notice of deficiency respondent determined that petitioner's self-employment tax liability for each year must be computed by taking into account only: (1) The net profits and losses attributable to petitioner's sole proprietorships; and (2) the partnership loss. Implicit in respondent's determination is the disallowance of the pass-through items from the S corporations and the carryover loss from 1991 to 1992. Other adjustments in petitioners' favor were also made in the notice of deficiency and are either not in dispute or will be resolved in accordance with the determination of petitioner's self-employment tax liability for each year.

## OPINION

In addition to other taxes, an individual's self-employment income is subject to a self-employment tax. Sec. 1401. Subject to irrelevant exclusions, self-employment income means net earnings from self-employment. Sec. 1402(b). Net earnings from self-employment generally include gross income derived from any trade or business carried on by the individual, less allowable deductions attributable to such a trade or business, plus the individual's distributive share, if any and whether or not

distributed, of income or loss (as described in section 702(a)(8)) from any trade or business carried on by a partnership in which the individual is a partner. Sec. 1402(a). The statute makes a distinction between general and limited partners. Other than certain guaranteed payments (described in section 707(c)) made to a limited partner by a partnership, a limited partner's distributive share of the partnership's items of income or loss is excluded from the definition of net earnings from self-employment. Sec. 1402(a)(13). Briefly stated, income derived by an individual from carrying on a trade or business through a sole proprietorship or as a partner (other than a limited partner) in a partnership generally constitutes net earnings from self-employment. Sec. 1.1402(c)-1, Income Tax Regs.

The parties agree that the items attributable to petitioner's sole proprietorships and the partnership were properly included in the computation of petitioner's net earnings from self-employment for each year. They disagree over the treatment of the pass-through items from the S corporations and, although petitioners presented no argument on the point, apparently disagree over the treatment of the carryover loss with respect to 1992.

S Corporation Pass-Through Items

Neither section 1402, which provides the definition of net earnings from self-employment, nor the regulations promulgated

thereunder contain any reference to S corporation pass-through items.

Petitioners point out that the self-employment tax provisions were enacted prior to the S corporation provisions.[1] They suggest that the absence of any reference to S corporations in section 1402 is due to the timing of the enactments of the relevant statutes and should not be considered indicative of how Congress intended pass-through items from S corporations to be treated for self-employment tax purposes.  According to petitioners, in situations such as theirs, where a shareholder actively participates in the business of an S corporation, the pass-through items should be considered net earnings from self-employment because, in reality, such items are derived from the shareholder's trade or business.  According to respondent, the absence of any reference to such items renders them outside the definition.  Respondent goes on to argue that such items are not attributable to the shareholder's trade or business, or to the trade or business of a partnership in which the shareholder is a partner, and therefore such items are not considered net earnings from self-employment within the meaning of section 1402 and are not taken into account in the computation of an individual's

---

[1] Subch. S was added to the Internal Revenue Code by the Technical Amendments Act of 1958, Pub. L. 85-866, 72 Stat. 1606, subsequent to the enactment of the self-employment tax.

self-employment tax liability.  For the following reasons we agree with respondent.

We find the absence of any reference to S corporation pass-through items in section 1402 to be significant, and not merely a consequence of timing.  The statute has been amended 34 times since the enactment of the S corporation provisions.  None of the amendments address pass-through items from S corporations.  We note that respondent's position on the issue here under consideration was published 38 years ago in Rev. Rul. 59-221, 1959-1 C.B. 225, which states, in part:

> it is apparent that income not resulting from the conduct of a trade or business by an individual or by a partnership of which he is a member is not includible in computing the individual's net earning from self-employment.  Amounts which must be taken into account in computing a shareholder's income tax by reason of the provisions of * * * [a predecessor of section 1366] of the Code, are not derived from a trade or business carried on by such shareholder.  Neither the election by a corporation as to the manner in which it will be taxed for Federal income tax purpose nor the consent thereto by the persons who are shareholders results in the consenting shareholder's being engaged in carrying on the corporation's trade or business.  Accordingly, amounts which a shareholder is required to include in his gross income by reason of the provisions of * * * [a predecessor of section 1366] of the Code should not be included in computing his net earnings from self-employment  * * *.

The revenue ruling concludes that S corporation pass-through items do not constitute net earnings from self-employment to the

corporation's shareholder because such items are not derived from a trade or business carried on by the shareholder.  We understand that we are not bound by the revenue ruling, <u>Stark v. Commissioner</u>, 86 T.C. 243, 250-251 (1986); however, the fact that the revenue ruling has remained in effect, unmodified, for 38 years provides a strong commentary on the validity of respondent's position.  During the period the revenue ruling has been in effect, Congress has amended section 1402 approximately 30 times.  If Congress had intended pass-through items from S corporations to be included in the definition of net earnings from self-employment, which would obviously be contrary to the conclusion of the revenue ruling, we expect that one of the many amendments made to the statute since its enactment would have so indicated.  See generally <u>Helvering v. R.J. Reynolds Tobacco Co.</u>, 306 U.S. 110 (1939).

Furthermore, respondent's position that the pass-through items were not derived from a trade or business carried on by petitioner is supported by two firmly established principles of Federal income taxation, namely:  (1) A corporation formed for legitimate business purposes and its shareholders are separate entities, <u>Moline Properties, Inc. v. Commissioner</u>, 319 U.S. 436 (1943); and (2) the business of a corporation is separate and distinct from the business of its shareholders, <u>id.</u>; <u>Deputy v. du Pont</u>, 308 U.S. 488, 494 (1940); <u>Crook v. Commissioner</u>, 80 T.C.

27, 33 (1983), affd. without published opinion 747 F.2d 1463 (5th Cir. 1984).

In a situation such as theirs, where a shareholder actively participates in the trade or business of an S corporation, petitioners contend that the distinction between the business of the S corporation and its shareholder is an "absolute fallacy". No doubt, due to the extent of their participation in the businesses of the S corporations, petitioners sincerely considered the businesses of the S corporations to be one and the same as petitioner's. They argue that the use of the word "by" as opposed to "as" in the first sentence of section 1402(a) suggests that if an individual actively participates in the conduct of a business and derives income therefrom, the form of the business is "irrelevant" in determining whether such income constitutes net earnings from self-employment. Petitioners suggest that for purposes of sections 1401 and 1402 a shareholder who is a passive investor in an S corporation should be treated like a limited partner whose distributive share of partnership income and losses are not considered net earnings from self-employment. Conversely, they argue that a shareholder who actively participates in the conduct of an S corporation's business should be treated like a sole proprietor or a general partner whose distributive share of the partnership income and losses is considered net earnings from self-employment.

In essence, petitioners request that we ignore the existence of the S corporations, which we are unwilling to do. The principles of <u>Moline Properties, Inc. v. Commissioner</u>, <u>supra</u>, <u>Deputy v. du Pont</u>, <u>supra</u>, and <u>Crook v. Commissioner</u>, <u>supra</u>, are not limited to passive shareholder investors. In order to limit their liability, petitioners chose the corporate form through which the restaurant and motel businesses of the S corporations were conducted, and they are bound by the Federal income tax consequences of their choice. <u>Moline Properties, Inc. v. Commissioner</u>, <u>supra</u>.

Respondent's position is further supported, and petitioners' position severely undermined, by the literal language of section 1366, which provides that a shareholder's pro rata share of an S corporation's pass-through items are only taken into account in determining the tax imposed under chapter 1 of the Internal Revenue Code. The section 1401 self-employment tax is not a tax under chapter 1, but rather chapter 2.

Lastly, we note that on the rare occasions that courts have directly or indirectly focused upon issues similar to the one here under consideration, the Commissioner's position, as reflected in the Rev. Rul. 59-221, 1959-1 C.B. 225, has been upheld. See <u>Durando v. United States</u>, 70 F.3d 548 (9th Cir. 1995); <u>Hansen v. Commissioner</u>, T.C. Memo. 1994-388.

To summarize, respondent's position on this issue is consistent with the literal language of sections 1402 and 1366. Furthermore, it is supported by the principles expressed in Moline Properties, Inc. v. Commissioner, supra, and Deputy v. du Pont, supra, as well as the holdings in Durando v. United States, supra, and Hansen v. Commissioner, supra. Accordingly, we hold that petitioner must compute his net earnings from self-employment, and correspondingly his section 1401 self-employment tax liabilities for the years in issue, without taking into account pass-through items from the S corporations.

## 1992 Carryover Loss

As previously indicated, petitioners have presented neither authority nor argument in support of their position that the carryover loss should be included in the computation of petitioner's 1992 net earnings from self-employment. Respondent has characterized the item as a net operating loss and argues that section 1402(a)(4) prohibits petitioners from taking it into account in computing petitioner's 1992 net earnings from self-employment. To the extent that the carryover loss, or any portion of it, constitutes a net operating loss, respondent is correct. In any event, as we view the matter, our holding with respect to the treatment of the pass-through items effectively resolves the dispute between the parties on this issue. Eliminating the pass-through items from the 1991 computation of

petitioner's net earnings from self-employment eliminates the carryover loss. Accordingly, we hold that petitioner's 1992 net earnings from self-employment must be computed without taking into account any carryover loss from 1991.

On brief respondent concedes that certain of the fees paid by the S corporations and reflected on the Schedules C for Ding Trading for the years in issue constitute wages and not earnings from self-employment. Consequently, respondent no longer claims any section 1401 tax attributable to those amounts.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered under Rule 155</u>.