William S. SMITH, Jr., et al, Plaintiffs,

v.

INTERNAL REVENUE SERVICE,
Defendant.

No. CV–14–08155–PCT–SPL

United States District Court,
D. Arizona.

Signed March 3, 2016

William S. Smith, Jr., Chino Valley, AZ, pro se.

Sue K. Smith, Chino Valley, AZ, pro se.

Amy Talburt Matchison, U.S. Dept. of Justice, Washington, DC, for Defendant.

**ORDER**

Honorable Steven P. Logan, United States District Judge

Before the Court is Defendant's Motion for Summary Judgment. (Doc. 52.) Also before the Court is Plaintiffs' Request for Judicial Notice. (Doc. 47.) The motions are fully briefed and ready for decision. For the reasons that follow, Defendant's motion will be granted and Plaintiffs' Request for Judicial Notice will be denied.

### I. Background

Plaintiffs William S. Smith, Jr. and Sue K. Smith bring this tax refund action against the United States Internal Revenue Service ("IRS" or the "Commissioner"). (Doc. 9.) The facts of this case are straightforward and undisputed. Plaintiffs received W–2s and 1099–Rs for the tax year 2009 showing income in the amount of $149,451.97. (Doc. 55–3 at 4–6.) After reading a book, Plaintiffs "realized" they did not have to pay taxes on some income. (Doc. 55–1 at 29.) On February 28, 2010, Plaintiffs filed a Form 1040 tax return for the tax year 2009. (Doc. 56–1 at 2–5.) With this return, Plaintiffs also filed four Form 4852 Substitutes for their W–2s and 1099–Rs. (Doc. 56–1 at 6–9.) The Form 4852s stated that the underlying W–2 or

1099–R was issued in error. (Doc. 56–1 at 6–9.) Plaintiffs acknowledged Mr. Smith's Navy pension distribution in the amount of $19,217.54. (Docs. 55–3 at 6; 56–1 at 2.) Plaintiffs sought a refund of all federal income tax withheld in 2009–$25,595.11. (Docs. ¶ 1; 56–1 at 3.) On April 11, 2013, the IRS issued a Statutory Notice of Deficiency. (Doc. ¶ 16.) On August 19, 2013, the IRS assessed additional tax liability against Plaintiffs. (Doc. ¶ 17.) In October 2014, the IRS issued a refund of $15,115.69. (Doc. ¶ 5.) Plaintiffs seek the remaining withheld taxes of $10,614.31. (Doc. ¶ 1.)

On August 24, 2014, Plaintiffs filed the Complaint (Doc. 1) and, on October 21, 2014, Plaintiffs amended the Complaint (Doc. 9). On August 20, 2015, the IRS moved for summary judgment. (Doc. 52.) Plaintiffs responded (Docs.67–70), and the IRS replied (Doc. 71). On July 23, 2015, Plaintiffs filed a Request for Judicial Notice. (Doc. 47.) The Commissioner opposed the request. (Doc. 50.) The motions are ready for decision.

## II. Legal Standard

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is "material" when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine dispute of material fact arises if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, and affidavits, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The burden then shifts to the party opposing summary judgment, who "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of [their] case that [they] must prove at trial." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir.2009) (citation omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548 ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

## III. Analysis

The parties raise two issues: (1) whether wages are taxable income, and (2) whether the IRS was precluded from making assessments due to the expiration of the statute of limitations.

### A. Preliminary Matters
#### 1. Objections to Evidence

As an initial matter, the Court must address the objections made by Plaintiffs to the evidence provided by the Commissioner to the Court for the purposes of

deciding this summary judgment motion. "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed.R.Civ.P. 56(c)(2).

■ Here, Plaintiffs object to the computerized records of the IRS submitted by the Commissioner for lack of proper foundation, as hearsay, and that the documents are not certified as to containing true, correct, and accurate information. (Doc. 67 at 11–12.) However, Federal Rule of Evidence 902 finds these records to be self-authenticating.[1] The Commissioner's exhibits are certified, signed, and bear the seal of the Department of the Treasury, Internal Revenue Service. (Docs.56–2, 56–3, 56–4, 56–5.) Plaintiffs further allege "that evidence must be presented to the Court via testimony of a person with first-hand knowledge of facts or information being provided." (Doc. 67 at 3.) However, Plaintiffs provide no legal authority to support their contention and the Federal Rules of Evidence do not contain any such proclamation.

■ Plaintiffs next rely on *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179 (9th Cir.1988) for the propositions that declarations do not lay an adequate foundation for evidence. (Doc. 67 at 10–11.) *Beyene* is inapposite. "It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Beyene*, 854 F.2d at 1181. However, the documents at issue in *Beyene* were neither certified nor signed. As noted above, the Commissioner's evidence complies with Rule 902 and is self-authenticating.

---

1. Federal Rule of Evidence 902 reads as follows:

> The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

To the extent Plaintiffs criticize the Commissioner's Statement of Facts, Plaintiffs are mistaken. On summary judgment, Federal Rule of Civil Procedure 56(c) proscribes how to support factual positions:

(1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

. . .

(4) An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

■ Furthermore, the local rules require a separate statement of facts and citation in the memoranda of law to the statement of facts. LRCiv 56.1. The Commissioner properly submitted its Statement of Facts, and its Memorandum of Law properly cited to the Statement of Facts. The Court has repeatedly admonished Plaintiffs for failure to comply with

---

> (1) Domestic Public Documents That Are Sealed and Signed. A document that bears: (A) a seal purporting to be that of the United States; ... or a department, agency, or officer of any entity named above; and (B) a signature purporting to be an execution or attestation.

the Rules, including a detailed Order dated October 14, 2015 in which this Court set out the text of the applicable rules regarding motions for summary judgment. (Docs.22, 29, 51, 66, 74.) "Although pro se, [Plaintiffs are] expected to abide by the rules of the court in which [they] litigate[ ]." *Carter v. C.I.R.*, 784 F.2d 1006, 1008 (9th Cir.1986). Plaintiffs cannot claim ignorance of the Rules because the Court identified the applicable Rule on each occasion.[2] Plaintiffs' evidentiary objections are therefore overruled.

### 2. Judicial Notice

Plaintiffs request that this Court take judicial notice of 25 "Adjudicative Facts and Law." (Doc. 47.) Federal Rule of Evidence 201 controls the taking of judicial notice. It states:

**(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.

**(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

**(c) Taking Notice.** The court:

(1) may take judicial notice on its own; or

(2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

 Judicial notice may be taken of an adjudicative fact, but not law. This Court applies the applicable law and judicial notice need not be taken in order for the Court to fulfill its role. *See Von Saher*

*v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir.2010) (citing *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir.2002)) ("[J]udicial notice is generally not the appropriate means to establish the legal principles governing the case."). Additionally, the Court may not take notice of disputed matters, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001), and must use "extreme caution" in taking notice of adjudicative facts, *Banks v. Schweiker*, 654 F.2d 637, 640 (9th Cir.1981). Plaintiffs' request is outside the scope of judicial notice. Therefore, Plaintiffs' request will be denied.

### B. Taxable Income

 A taxpayer may bring a tax refund suit for "any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected" after filing for a refund. 26 U.S.C. § 7422(a). This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1). When the parties do not dispute the amount of income, but rather whether certain income is taxable, as here, the issue is a legal question, not a factual one. Income, and its taxation, is proscribed by statute. The income tax is imposed on the "taxable income" of every individual. 26 U.S.C. § 1. Congress intended "to tax all gains except those specifically exempted." *C.I.R. v. Glenshaw Glass Company*, 348 U.S. 426, 430, 75 S.Ct. 473, 99 L.Ed. 483 (1955). Gross income is "all income from whatever source derived." 26 U.S.C. § 61(a). "[W]ages are income." *Wilcox v. C.I.R.*, 848 F.2d 1007, 1008 (9th Cir.1988). Wages

---

**2.** Additionally, the Court notes that Plaintiffs' hyperbole is unnecessary and inappropriate. Plaintiffs may feel strongly about their view-

point, but a federal court is not the proper place to denigrate those who disagree with their viewpoint.

are defined as "all remuneration ... for services performed by an employee for his employer." 26 U.S.C. § 3401(a); *see also* 26 U.S.C. § 3121(a) (wages are defined as "all remuneration for employment"). Variations of the "wages are not income" theme have repeatedly been rejected by the Ninth Circuit. *Carter v. C.I.R.*, 784 F.2d 1006, 1009 (9th Cir.1986). *See also Gattuso v. Pecorella*, 733 F.2d 709, 710 (9th Cir.1984) ("Taxpayers' claim that their wages are not income is frivolous.").

 "In a refund suit the taxpayer bears the burden of proving the amount he is entitled to recover.... It is not enough for him to demonstrate that the assessment of the tax for which refund is sought was erroneous in some respects." *United States v. Janis*, 428 U.S. 433, 440, 96 S.Ct. 3021, 49 L.Ed.2d 1046 (1976) (internal citation omitted). "A tax assessment is presumptively accurate. The burden of disproving the assessment is on the taxpayer." *McKay v. United States*, 957 F.2d 689, 691 (9th Cir.1992). Form 4340 is presumptive evidence of a valid assessment. *Huff v. United States*, 10 F.3d 1440, 1445–46 (9th Cir.1993). "Courts give deference to IRS ruling and interpretations of the Code." *Durando v. United States*, 70 F.3d 548, 550 (9th Cir.1995) (internal citation omitted).

 Plaintiffs admit employment and compensation for 2009, but allege they are not wages. (Docs. 55–1 at 8; 55–2 at 9, 18, 23, 38–39; 68 at 2, 12, 22.) Plaintiffs allege, and the Commissioner does not dispute, that not all income is taxable by the federal government. (Doc. 67 at 3.) On Form 1040, Plaintiffs stated their only taxable income was $19,217.54 that they re-

ceived for Mr. Smith's Navy retirement. (Docs. 55–3 at 6; 56–1 at 2.) Plaintiffs further allege that they have the authority to determine what their true income is. (Doc. 68 at 13, 22.) Lastly, Plaintiffs attempt to shift the burden to the Commissioner to present "positive evidence" that Plaintiffs did not have the right to exempt certain income. (Docs. 67 at 16; 68 at 6–7, 12.)

It is well settled that wages are income. Plaintiffs' argument that not all income is taxable does nothing to support their position; Plaintiffs have not identified a statutory exemption that exempts their income. *See Glenshaw Glass Co.*, 348 U.S. at 430, 75 S.Ct. 473 (Congress intended "to tax all gains except those specifically exempted."). Plaintiffs' wages from Tiensvold Shaffer CPAs PL, Trinity Lutheran Church, Wright Foundation for the Arts, and Central Arizona Home Health Care are gross income and are taxable. (*See* Doc. 55–3 at 5–6.) Plaintiffs did not file their Form 1040 correctly because they listed their wages as "zero" when they had $77,434.43 in wages as shown on their W–2 forms. Additionally, the IRA distribution Plaintiffs received from Fidelity Investments in the amount of $52,800.00 is gross income and is taxable. (Doc. 55–3 at 4.)[3]

 The Court construes Plaintiffs' argument that they alone may make the determination of the amount of their taxable income as an argument that income taxes are voluntary. (Docs. 67 at 8, 16; 68 at 6, 8, 12, 13, 21.) They are not. *Wilcox v. C.I.R.*, 848 F.2d 1007, 1008 (9th Cir. 1988) ("paying taxes is not voluntary").

---

**3.** Although the IRA distribution of $52,800.00 is taxable, the Commissioner failed to make this assessment within the statute of limitations. (Doc. 56 ¶ 13.) The Commissioner is not seeking any future assessments or payments. However, the Court notes that Plain-

tiffs received a refund of $15,115.69, an amount they were not entitled to receive. While the Commissioner may have made mistakes in this case, the errors inured to Plaintiffs' benefit.

Plaintiffs must identify a statutory exemption that exempts their income.

Lastly, Plaintiffs' attempt to shift the burden to the Commissioner to prove their income is taxable fails. The burden remains on Plaintiffs. *See Janis,* 428 U.S. at 440, 96 S.Ct. 3021. Plaintiffs' income, as listed on their W–2s and 1099s, is gross income.

### C. Statute of Limitations

■ Despite the fact that Plaintiffs income for 2009 is taxable, the Commissioner's assessment must have been made prior to the expiration of the statute of limitations, or the assessment is invalid. Here, Plaintiffs allege that the Commissioner made an assessment after the limitations period expired. (Doc. 67 at 7.) Plaintiffs allege that the IRS must have issued the deficiency notice at least 150 days prior to April 15, 2013 in order to meet the requirements of 26 U.S.C. § 6501(a). (Doc. 68 at 16.)[4]

If the taxpayer files their taxes prior to April 15 following the tax year, the filing is deemed to be April 15. 26 U.S.C. § 6501(b)(1). The Commissioner must assess the tax within three years after the return was filed. 26 U.S.C. § 6501(a). However, this period must be suspended if the Commissioner issues a deficiency notice. 26 U.S.C. § 6503(a)(1).[5] Once the Commissioner mails a notice of deficiency, the IRS may not take further action or impose an assessment for 90 days. 26 U.S.C. § 6213(a). The statute then provides the Commissioner 60 days after the expiration of the 90 days or the final decision of the Tax Court to make an assessment. 26 U.S.C. § 6503(a)(1).

■ Here, Plaintiffs filed their Form 1040 for 2009 on February 28, 2010. The return is therefore deemed filed on April 15, 2010 and the last day to assess taxes is April 15, 2013. On April 11, 2013, the Commissioner issued a Notice of Deficiency. The Commissioner was therefore prohibited from taking any action for 90 days from April 11, 2013. This period expired on July 10, 2013. Because Plaintiffs did not challenge the deficiency to the Tax Court, the Commissioner had from July 10, 2013 through September 12, 2013 to make an assessment.[6] The Commissioner made their assessment on August 19, 2013, within the proscribed time period. Plaintiffs fail to establish a genuine dispute of material fact regarding the existence of an essential element of their case that they must prove at trial—the identification of a statute that exempts their income from taxation. *See Gorman,* 584 F.3d at 1153. Without an exemption, the Commissioner correctly assessed Plaintiffs' taxes. The Court will grant the Commissioner's motion for summary judgment. Accordingly,

**IT IS ORDERED:**

---

4. Plaintiffs assert that the failure on the part of IRS employees to comply with the Internal Revenue Manual ("IRM") requirement in the creation of the statutory notice of deficiency requires denial of summary judgment. (Doc. 67 at 3.) "The Internal Revenue Manual does not have the force of law and does not confer rights on taxpayers." *Fargo v. C.I.R.,* 447 F.3d 706, 713 (9th Cir.2006). Even if IRS employees failed to comply with the IRM in the creation of the deficiency notice, Plaintiffs do not have a cause of action.

5. Plaintiffs read § 6501(a) in isolation. Section 6503 delineates the circumstances under which the statute of limitations is suspended. Plaintiffs emphatically allege that suspend and extend do not mean the same thing—that just because the time period is suspended does not mean that the statute of limitations is extended. The Court disagrees. The "suspension" of the running of the statute of limitations has the practical effect of "extending" the last day of the statute of limitations.

6. The Commissioner had 60 days to make their assessment plus the four days remaining in the suspended limitations period.

1. That Defendant's Motion for Summary Judgment (Doc. 52) is **granted**;
2. That Plaintiffs' Request for Judicial Notice (Doc. 47) is **denied**; and
3. That the Clerk of Court shall **terminate** this action and enter judgment accordingly.

