T.C. Memo. 2003-50

UNITED STATES TAX COURT

SUPERIOR PROSIDE, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4804-00.          Filed February 26, 2003.

Joseph H. O'Donnell, Jr., for petitioner.

Linda P. Azmon, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  The petition in this case was filed in
response to a Notice of Determination Concerning Worker
Classification Under Section 7436 (notice of determination)
regarding petitioner's liabilities pursuant to the Federal
Insurance Contributions Act (FICA) and the Federal Unemployment
Tax Act (FUTA) for 1995, 1996, and 1997.  The issues for decision

are: (1) Whether Thomas L. Murdock (Murdock) was an employee of petitioner for Federal employment tax purposes during 1995 through 1997 and, if so, (2) whether petitioner is entitled to relief under section 530 of the Revenue Act of 1978, Pub. L. 95-600, 92 Stat. 2885, as amended (Section 530).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. For convenience, FICA and FUTA taxes are collectively referred to as employment taxes.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

Petitioner's Organization and Operations

Petitioner is an S corporation that was incorporated in Pennsylvania on or about September 21, 1987. At all relevant times, petitioner's principal place of business was located in Levittown, Pennsylvania.

Since its organization, petitioner has operated as a siding contractor and residential remodeling service. This activity was and is petitioner's only business and only source of income. Murdock has been the sole shareholder of petitioner from the time of its incorporation and throughout 1995, 1996, and 1997.

Murdock has at all times also served as petitioner's president. During 1995, 1996, and 1997, Murdock performed the following services for petitioner: (1) Solicited business on behalf of petitioner; (2) ordered petitioner's supplies; (3) entered into verbal and/or written agreements on behalf of petitioner; (4) oversaw the finances of petitioner; (5) collected moneys owed petitioner; (6) managed petitioner; (7) obtained clients for petitioner; (8) hired and fired independent contractors on behalf of petitioner; (9) maintained customer satisfaction; and (10) supervised all work done on behalf of petitioner. No other person performed any services on behalf of petitioner.

During 1995, 1996, and 1997, petitioner did not make regular payments to Murdock for his services. Rather, Murdock obtained funds from petitioner as his needs arose. There were no set intervals at which Murdock would take these moneys from petitioner. Petitioner neither classified any payment as a dividend nor distributed any dividends to shareholders from 1995 through 1997.

Petitioner's Tax Reporting

Petitioner timely filed Forms 1120S, U.S. Income Tax Return for an S Corporation, and related schedules, for the 1987 through 1994 taxable years. On these returns, petitioner did not report

treating Murdock, or any other individual, as an employee of petitioner.

Petitioner filed a Form 1120S for each of the years 1995, 1996, and 1997. Petitioner reported ordinary income from its trade or business of $29,671.48, $29,402.99, and $41,668.75 for 1995, 1996, and 1997, respectively. Petitioner claimed no deduction either for compensation of officers or for salaries and wages. Schedules K-1, Shareholder's Share of Income, Credits, Deductions, etc., attached to the returns show $29,671.46 for 1995, $29,402.99 for 1996, and $41,668.75 for 1997 as the pro rata share of, and as a property distribution other than a dividend to, Murdock. Petitioner's Forms 1120S were signed by Murdock as president and by Joseph M. Grey (Grey) as preparer.

During the period from 1995 to 1997, petitioner did not issue any Forms 1099-MISC, Miscellaneous Income, or Forms W-2, Wage and Tax Statement, to Murdock. Since petitioner's incorporation in 1987, petitioner has not reported paying Murdock a salary or wages for work he performed on behalf of petitioner.

Petitioner did not file a Form 941, Employer's Quarterly Federal Tax Return, for any quarters in 1995, 1996, or 1997 or a Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, for 1995, 1996, or 1997. Throughout this period, petitioner did not treat any individual as an employee.

Murdock's Tax Reporting

For each of the years 1995, 1996, and 1997, Murdock and his wife filed a joint Form 1040, U.S. Individual Income Tax Return. On these returns, Murdock reported as ordinary income from "Rental real estate, royalties, partnerships, S corporations, trusts, etc." $29,671.48, $29,402.99, and $41,668.75 for 1995, 1996, and 1997, respectively. Attached Schedules E, Supplemental Income and Loss, characterize the foregoing amounts as nonpassive income from Schedules K-1.

The Notice of Determination

Prior to the audit underlying the instant case covering 1995, 1996, and 1997, respondent neither audited petitioner for employment tax purposes nor challenged petitioner's treatment of Murdock as other than an employee. Thereafter, on February 23, 2000, respondent sent to petitioner the notice of determination at issue in this proceeding. The notice was based on a determination that Murdock was to be legally classified as an employee for purposes of Federal employment taxes and that petitioner was not entitled to relief from such classification pursuant to Section 530. Enclosed with the notice was a schedule setting forth petitioner's liabilities for FICA and FUTA taxes.

The parties have stipulated that, if the Court decides that Murdock is to be classified as an employee for Federal employment tax purposes for all periods in 1995, 1996, and 1997, the amounts

of taxes due and owing are as set forth in the notice of determination. Conversely, if the Court decides that Murdock should not be classified as an employee for any of the periods in issue, the parties agree that petitioner owes no employment taxes.

ULTIMATE FINDINGS OF FACT

Murdock, as president of petitioner, performed more than minor services and received remuneration therefor.

Petitioner did not have a reasonable basis for failing to treat Murdock as an employee during the years in issue.

OPINION

I. Statutory and Regulatory Provisions

A. Subtitle C of the Internal Revenue Code

Subtitle C of the Internal Revenue Code governs payment of employment taxes. In particular, sections 3111 and 3301 impose taxes on employers under FICA (pertaining to Social Security) and FUTA (pertaining to unemployment), respectively, based on wages paid to employees. The term "wages" as used in these statutes generally encompasses "all remuneration for employment". Secs. 3121(a), 3306(b). "Employee" is defined for purposes of FICA taxes in section 3121(d), and, with modifications not germane here, section 3306(i) makes this definition applicable for purposes of FUTA taxes as well. Section 3121(d) provides:

SEC. 3121(d).  Employee.--For purposes of this chapter, the term "employee" means--

(1) any officer of a corporation; or

(2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; or

(3) any individual (other than an individual who is an employee under paragraph (1) or (2)) who performs services for remuneration for any person--

(A) as an agent-driver or commission-driver * * *;

(B) as a full-time insurance salesman;

(C) as a home worker * * *; or

(D) as a traveling or city salesman * * *;

* * * [under specified conditions]; or

(4) any individual who performs services that are included under an agreement entered into pursuant to section 218 of the Social Security Act.

Regulations promulgated under section 3121(d) clarify the scope of the inclusion in paragraph (1) for corporate officers, as follows:

Generally, an officer of a corporation is an employee of the corporation.  However, an officer of a corporation who as such does not perform any services or performs only minor services and who neither receives nor is entitled to receive, directly or indirectly, any remuneration is considered not to be an employee of the corporation. * * * [Sec. 31.3121(d)-1(b), Employment Tax Regs.]

Identical language is also included in regulations promulgated under section 3306.  Sec. 31.3306(i)-1(e), Employment Tax Regs.

B.  <u>Section 530 of the Revenue Act of 1978</u>

Section 530 operates in enumerated circumstances to afford relief from employment tax liability, notwithstanding the actual relationship between the taxpayer and the individual performing services.  The statute provides, in part:

> SEC. 530.  CONTROVERSIES INVOLVING WHETHER INDIVIDUALS ARE EMPLOYEES FOR PURPOSES OF THE EMPLOYMENT TAXES.
>
> (a) Termination of Certain Employment Tax Liability.--
>
> (1) In general.--If--
>
> (A) for purposes of employment taxes, the taxpayer did not treat an individual as an employee for any period, and
>
> (B) in the case of periods after December 31, 1978, all Federal tax returns (including information returns) required to be filed by the taxpayer with respect to such individual for such period are filed on a basis consistent with the taxpayer's treatment of such individual as not being an employee,
> then, for purposes of applying such taxes for such period with respect to the taxpayer, the individual shall be deemed not to be an employee unless the taxpayer had no reasonable basis for not treating such individual as an employee.
>
> (2) Statutory standards providing one method of satisfying the requirements of paragraph (1).-- For purposes of paragraph (1), a taxpayer shall in any case be treated as having a reasonable basis for not treating an individual as an employee for a period if the taxpayer's treatment of such individual for such period was in reasonable reliance on any of the following:

(A) judicial precedent, published rulings, technical advice with respect to the taxpayer, or a letter ruling to the taxpayer;

(B) a past Internal Revenue Service audit of the taxpayer in which there was no assessment attributable to the treatment (for employment tax purposes) of the individuals holding positions substantially similar to the position held by this individual; or

(C) long-standing recognized practice of a significant segment of the industry in which such individual was engaged.

In specified circumstances, Section 530(e)(4) places the burden of proof on the Commissioner with respect to certain issues under Section 530, but this provision does not affect our analysis here.  Section 530(e)(4) applies only to periods after December 31, 1996, so has no bearing on petitioner's liabilities for 1995 and 1996.  Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1122(b)(3), 110 Stat. 1767.  For subsequent periods, a taxpayer desiring to take advantage of Section 530(e)(4) first must establish a prima facie case that it was reasonable not to treat an individual as an employee and must have fully cooperated with the Secretary.  Because, as explained in detail below, petitioner did not establish a prima facie case that its treatment of Murdock was reasonable, the burden of proof remains on petitioner with respect to 1997 as well.

II.  Classification of Murdock for Employment Tax Purposes

     A.  Status Under FICA and FUTA Provisions

     In contending that Murdock should not be classified as an employee under the FICA and FUTA provisions of the Internal Revenue Code, petitioner focuses on Murdock's status as an S corporation shareholder and alleged lack of status as a common law employee.  We briefly address these contentions seriatim.

          1.  Contentions Regarding S Corporation Shareholders

     Petitioner cites sections 1366, 1372, and 6037(c) and Durando v. United States, 70 F.3d 548 (9th Cir. 1995), presumably in support of an argument that S corporation shareholders should not be deemed employees.  Sections 1366 and 6037(c) generally require that income items of S corporations be passed through to shareholders on a pro rata basis and reported by such shareholders in a manner consistent with treatment on the corporate return.  These rules, however, pertain to calculation of income tax liability under subtitle A and have no bearing on computation of Federal employment taxes.  Veterinary Surgical Consultants, P.C. v. Commissioner, 117 T.C. 141, 145 (2001), affd. sub nom. Yeagle Drywall Co. v. Commissioner, 54 Fed. Appx. 100 (3d Cir. 2002).  Furthermore, an employer cannot by the expedient of characterizing moneys paid in remuneration for services as distributions of net income, rather than as wages, avoid FICA and FUTA liabilities.  Id. at 145-146.  Thus, as in

Veterinary Surgical Consultants, P.C. v. Commissioner, supra at 145-146, and Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. 121, 128 (2002), we reject any suggestion that petitioner's passing through of its net income to Murdock precludes the finding of an employer-employee relationship between petitioner and Murdock. We likewise reject as not germane to the question before us petitioner's reliance on section 1372, addressing fringe benefits under subtitle A, and the reference to that statute in Durando v. United States, supra at 551. See Veterinary Surgical Consultants, P.C. v. Commissioner, supra at 147-148, 150.

2. Contentions Regarding Common Law Employment

Petitioner contends that "employee" as used throughout section 3121(d) must be construed in a manner consistent with its use in section 3121(d)(2), such that the usual common law rules for determining existence of an employer-employee relationship are to be taken into account. In support of this position, petitioner quotes the following passage from Tex. Carbonate Co. v. Phinney, 307 F.2d 289, 291-292 (5th Cir. 1962):

> The statutory definition of "employees" as including officers of a corporation will not be so construed as to mean that an officer is an employee per se. Only such officers as work for it in fact are to be so included and, in determining whether an officer is an employee within the meaning of the statutes the usual employer-employee tests are to be applied. * * *

Petitioner further emphasizes that common law focuses on whether the alleged employer held the right to control the details of the work performed by the individual and argues that petitioner did not exercise control over Murdock during any part of 1995, 1996, or 1997. There exist, however, at least two fatal defects in petitioner's arguments in this regard.

First, from the standpoint of statutory construction, the premise underlying petitioner's position finds no support either in the structure of the text or in the Tex. Carbonate Co. v. Phinney, supra, decision. Section 3121(d) is written in the disjunctive, with each of the four paragraphs expressly separated from the next by "or". Accordingly, each paragraph affords a separate and independent basis for deeming one engaged to perform services an employee. Individuals described in paragraphs (1), (3), and (4) of section 3121(d) are therefore frequently referred to as "statutory" employees, subject to FICA and FUTA regardless of their status under common law. See Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, supra at 126.

Moreover, Tex. Carbonate Co. v. Phinney, supra, is not authority to the contrary. Significant regulatory and statutory developments have occurred since the years in issue in that case. Given that sections 31.3121(d)-1(b) and 31.3306(i)-1(e), Employment Tax Regs., were promulgated after those years and that the FUTA definition of "employee" then in effect appears to have

contemplated a corporate officer who could be an independent contractor under common law, see, e.g., sec. 1607(i), I.R.C. 1939, the Court of Appeals' statements concerning common law rules "may no longer be relevant." Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, supra at 128 n.4. The opinion in Tex. Carbonate Co. v. Phinney, supra at 291, recognized that, regardless of the test purportedly being applied, "such officers as work for * * * [a corporation] in fact" are included as employees. The court also addressed the impact of an alleged absence of control in that case, as follows:

> Even though an absence of control is shown, and this as we have noted has not been done, the force of the factor is diminished to near de minimis by the fact that * * * [the service provider] himself was a member of the Board of Directors, a Vice President, and the executive of the Company in charge of its sales and the development of its markets. * * * [Id. at 292.]

Hence, critical components of the analysis in Tex. Carbonate Co. v. Phinney, supra, are consistent with the current regulatory approach to officers and contrary to petitioner's position.

Second, from a factual standpoint, even if the common law control factor were pertinent to our evaluation, petitioner has failed to establish a lack of control over Murdock in the performance of his services. As in Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, supra at 128-129, to accept petitioner's contentions in this regard would be the equivalent of disregarding the corporate form in which Murdock chose to

conduct his business. Caselaw does not permit a taxpayer to use his or her dual role as a shareholder of and service provider to a corporation as grounds for ignoring the legal ramifications of the business construct so selected. <u>Moline Props., Inc. v. Commissioner</u>, 319 U.S. 436, 438-439 (1943); <u>Joseph M. Grey Pub. Accountant, P.C. v. Commissioner</u>, <u>supra</u> at 129.

      3. <u>Application of Section 3121(d)(1)</u>

On the basis of the foregoing analysis, application of section 3121(d)(1) is not precluded or limited here by considerations pertaining to Murdock's status as an S corporation shareholder or under the common law. Section 3121(d)(1) and sections 31.3121(d)-1(b) and 31.3306(i)-1(e), Employment Tax Regs., specify that corporate officers are to be classified as employees if they perform more than minor services and receive or are entitled to receive remuneration. The overwhelming weight of the evidence here shows that Murdock's activities vis-a-vis petitioner met these criteria. (Accordingly, considerations with respect to burden of proof do not affect our analysis on this point.) Murdock at all relevant times served as petitioner's president and worked for petitioner in all significant aspects of petitioner's business operations. As Murdock testified, no other person performed services for petitioner during 1995, 1996, or 1997. Murdock also obtained remuneration from petitioner as his needs arose.

Furthermore, although section 3121(d)(1) may be inapplicable to the extent that an officer performs services in some other capacity, i.e., as an independent contractor, petitioner has neither contended nor offered evidence that Murdock worked for or was engaged by petitioner in a capacity other than president. See Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. at 129-130; Rev. Rul. 82-83, 1982-1 C.B. 151, 152. Hence, we conclude that Murdock was an employee of petitioner for employment tax purposes, in accordance with section 3121(d)(1).

B.  Availability of Section 530 Relief

Section 530 affords relief from employment tax liability, notwithstanding an adverse classification, where the following three requirements are satisfied:  (1) The taxpayer has not treated the individual, or any individual holding a substantially similar position, as an employee for any period; (2) the taxpayer has consistently treated the individual as not being an employee on all tax returns for periods after December 31, 1978; and (3) the taxpayer has a reasonable basis for not treating the individual as an employee.  Sec. 530(a)(1), (3).  With respect to the case at bar, respondent has conceded that petitioner meets the first of the above requirements and does not argue that petitioner fails to meet the second.  Rather, the parties dispute whether petitioner had a reasonable basis for not treating Murdock as an employee.

Concerning the existence of a reasonable basis for purposes of Section 530(a)(1), Section 530(a)(2) sets forth three statutory safe havens.  Reliance upon any of the circumstances enumerated in subparagraph (A), (B), or (C) of Section 530(a)(2) is deemed sufficient to establish the requisite reasonable basis.

Subparagraph (A) lists judicial precedent, published rulings, technical advice with respect to the taxpayer, or a letter ruling to the taxpayer.  The second amended petition alleges:

> For reasonable basis for Petitioner's reliance on the non-employee status of Thomas L. Murdock in reference to his services performed on behalf of Petitioner during 1995, 1996, and 1997, Petitioner asserts judicial precedent in Texas Carbonate Company v. R.L. Phinney, 307 F.2d 289 (5th Cir.), cert denied, 371 U.S. (1962); wherein that Court's opinion stated that an officer of a corporation is not an employee per se, and that an employer and employee (master and servant) relationship must exist between a corporation and an officer of the corporation, for which an officer performs services.

On brief, petitioner reiterates reliance on Tex. Carbonate Co. v. Phinney, 307 F.2d 289 (5th Cir. 1962), and cites as well to Automated Typesetting, Inc. v. United States, 527 F. Supp. 515 (E.D. Wis. 1981), in support of the premise that petitioner reasonably looked to common law control concepts in classifying Murdock.

For the reasons previously discussed, Tex. Carbonate Co. v. Phinney, supra, does not afford a reasonable basis for disregard of the explicit rules of section 3121(d)(1) and sections

31.3121(d)-1(b) and 31.3306(i)-1(e), Employment Tax Regs. Equally unavailing in this regard is Automated Typesetting, Inc. v. United States, supra. The District Court in that case simply evaluated the employment relationship of the involved individuals both through a common law analysis and through application of the provisions relating to corporate officers. Id. at 519-522. In deciding that the individuals qualified as employees under either rubric, the court did not repudiate the statutory treatment of corporate executives. Id. at 520, 522; see also Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, supra at 129 n.5.

Moreover, even if we were to assume arguendo that the cited cases could offer a reasonable basis for treating an officer as a nonemployee, petitioner has failed to establish reliance on the claimed precedent as a factual matter. To fall within the safe harbors of Section 530(a)(2), the taxpayer must have relied on the alleged authority during the periods in issue, at the time the employment decisions were being made. The statute does not countenance ex post facto justification. See 303 W. 42nd St. Enters., Inc. v. IRS, 181 F.3d 272, 277, 279 (2d Cir. 1999) (reversing and remanding because it was "unclear from the record whether * * * [the taxpayer] in fact relied on any specific industry practice in reaching its decision to treat its * * * [workers] as non-employee tenants, let alone whether such reliance was reasonable"); Select Rehab, Inc. v. United States,

205 F. Supp. 2d 376, 380 (M.D. Pa. 2002) ("The taxpayer must show that it relied upon those grounds [alleged as a reasonable basis], and that the reliance was reasonable."); W. Va. Pers. Servs., Inc. v. United States, 78 AFTR 2d 96-6600, at 96-6608, 96-2 USTC par. 50,554, at 85,919 (S.D. W. Va. 1996) ("The plain meaning of section 530(a)(2) is that only evidence known to and relied upon by the taxpayer is relevant. Facts that are learned after the incorrect treatment of the employees * * * are not facts that a taxpayer relied upon in making its original decision regarding how to treat its employees.").

Until shortly before trial, petitioner did not purport to rely on Section 530 or the bases described therein and expressly disclaimed any dependence on the statute. Petitioner's present claim of reliance is not credible. The following colloquy transpired at trial between Murdock and counsel for respondent:

> Q [Counsel for respondent]    Mr. Murdock are you familiar with a case, Texas Carbonate versus Phinney?
>
> A [Murdock]    No, I'm not.
>
> Q    No one ever discussed that case with you?
>
> A    No.

Petitioner proposed to call Grey, the accountant who advised petitioner and prepared petitioner's tax returns. Grey was not allowed to testify in this case because he had not been listed as a witness in petitioner's trial memorandum, in violation of this Court's Standing Pre-Trial Order. See Rule 131(b). His

testimony, in any event, would not have made a difference.  See Veterinary Surgical Consultants, P.C. v. Commissioner, T.C. Memo. 2003-48 (where Grey testified that he was unaware of the Tex. Carbonate Co. v. Phinney, supra, case until posttrial briefing, during the fall of 2001, in Joseph M. Grey Pub. Accountant, P.C. v. Commissioner, 119 T.C. 121 (2002)).  Petitioner failed to establish that it relied on judicial precedent or, for that matter, on any of the other sources specified in Section 530(a)(2)(A).  Accordingly, we conclude that subparagraph (A) does not aid petitioner here.

The same result obtains with respect to subparagraphs (B) and (C).  The parties have stipulated that respondent did not audit petitioner for employment tax purposes prior to the examination underlying the present case.  Petitioner therefore cannot show reliance on a past audit under Section 530(a)(2)(B). Likewise, petitioner has adduced no evidence of conventions in the siding and remodeling industry to establish longstanding industry practice under Section 530(a)(2)(C).  The safe havens of Section 530(a)(2) are therefore inapplicable on the record before us.

In seeking to establish a reasonable basis for Murdock's treatment apart from the safe havens, petitioner quotes the following definition of "employment status" in Section 530(c)(2): "The term 'employment status' means the status of an individual,

under the usual common law rules applicable in determining the employer-employee relationship, as an employee or as an independent contractor (or other individual who is not an employee)." Petitioner apparently believes that the purported lack of common law control makes its treatment of Murdock reasonable within the meaning of Section 530 and that the above definition supports this view.

Again, however, petitioner's approach is contrary to controlling statutes and to the facts of this case. As a matter of construction, Section 530(c)(2) defines employment status for purposes of certain provisions of Section 530 not germane here. It does not purport to override or interpret the definition of "employee" in section 3121(d) and related regulations. Hence, Section 530(c)(2) does not render it rational for petitioner to have ignored the statutory mandate regarding corporate officers and to have taken a position that was not otherwise supported by authority. Petitioner also does not claim in actuality to have relied on Section 530(c)(2) in deciding not to treat Murdock as an employee in 1995, 1996, or 1997. We conclude and have found as a fact that petitioner did not have a reasonable basis for failing to characterize Murdock as an employee. Consequently, relief from employment tax liability is not available to petitioner under Section 530.

C.  <u>Conclusion</u>

We hold that Murdock is an employee of petitioner pursuant to section 3121(d)(1) and that petitioner is not entitled to relief under Section 530.  Accordingly, petitioner is liable for FICA and FUTA taxes for the periods in issue as set forth in respondent's notice of determination and the parties' stipulations.

To reflect the foregoing,

<u>Decision will be entered for</u> <u>respondent and in accordance with</u> <u>the parties' stipulations as to</u> <u>amounts</u>.