

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2004

# Superior Proside Inc v. Commissioner IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2755

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Superior Proside Inc v. Commissioner IRS" (2004). *2004 Decisions*. Paper 1064.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1064

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2755

SUPERIOR PROSIDE, INC.,

*Appellant*

v.

COMMISSIONER OF INTERNAL REVENUE

_____

On Appeal From the United States Tax Court
(Tax Court No. 00-04804)
Tax Court Judge: Honorable Mary Ann Cohen

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)(2002)
January 12, 2004

Before: ALITO, CHERTOFF and BECKER, *Circuit Judges.*

(Filed: January 28, 2004)

_____

OPINION OF THE COURT
_____

BECKER, *Circuit Judge.*

This is an appeal by Superior Proside, Inc. ("taxpayer") from a decision of the

United States Tax Court following a proceeding for redetermination of a Notice of

Determination Concerning Worker Classification under Section 7436 of the Internal

Revenue Code. The issue tried by Judge Cohen was whether Thomas L. Murdock, the

taxpayer's sole shareholder and president, was an employee of taxpayer during 1995,

1996 and 1997 for purposes of federal employment taxes. Judge Cohen filed a

memorandum opinion, 85 T.C.M. (CCH) 914 (2003), upholding the Commissioner's

determination that Murdock was an employee of taxpayer and that taxpayer therefore was

subject to federal employment taxes with respect to the wages paid to Murdock. We will

affirm.

The facts are not in dispute. Taking taxpayer's version of the facts:

> Mr. Murdock owned one-hundred percent (100%) of [taxpayer's]
> stock in all years form 1987 to the present, including 1995, 1996 and 1997.
> Mr. Murdock also assumed the title of president, vice president, secretary,
> treasurer, chairman of the board of directors and director of [taxpayer] from
> 1987 to the present, including all during 1995, 1996 and 1997. Mr.
> Murdock totally controlled and managed all the business activities of
> [taxpayer] at all times in [taxpayer's] existence, including all during 1995,
> 1996 and 1997. No person ever controlled Mr. Murdock in the performance
> of his work for [taxpayer].

Embellishing upon this description, the Commissioner points out that:

> During the period at issue (1995, 1996 and 1997), Mr. Murdock
> performed the following services for taxpayer:
>
>   1. Solicited business on behalf of taxpayer;
>   2. Ordered taxpayer's supplies;
>   3. Entered into verbal and/or written agreements on behalf of taxpayer;
>   4. Oversaw the finances of taxpayer;
>   5. Collected monies owed taxpayer;
>   6. Managed taxpayer;
>   7. Obtained clients for taxpayer;

8. Hired and fired independent contracts of behalf of taxpayer;
9. Maintained customer satisfaction;
10. Supervised all work done on behalf of taxpayer.

During 1995, 1996 and 1997, the taxpayer did not make regular payments to Murdock for his services; rather Murdock would take money from taxpayer as his needs arose to pay personal expenses. Taxpayer did not distribute any dividend to any shareholder during 1995, 1996 or 1997, and taxpayer did not classify any payment made to Murdock as a dividend. On its Forms 1120S (Income Tax Return for an S Corporation), taxpayer reported net income from its trade or business for 1995, 1996 and 1997, in the respective amounts of $29,671, $29,402 and $41,688. In calculating those amounts of ordinary income, taxpayer claimed no deductions for either compensation of officers or salaries and wages. The returns are signed by Murdock, as president of taxpayer, and by Joseph Grey, as the tax return preparer.

During 1995 through 1997 taxpayer did not issue any Forms 1099-MISC (Miscellaneous Income) or Forms W-2 (Wages and Tax Statement) to Murdock. Moreover, since taxpayer's incorporation in 1987, taxpayer has not reported paying Murdock a salary or wages for the work he performed on behalf of taxpayer. For 1995, 1996 and 1997, taxpayer issued to Murdock a Schedule K-1 (Shareholder's Share of Income, Credits, Deductions, etc.) for each year, showing that Murdock's share of taxpayer's ordinary income from business for those years was $29,671, $29,402 and $41,668, respectively. For the tax years 1995, 1996 and 1997, Murdock and his wife

3

reported taxpayer's net income (as indicated on the Schedules K-1) on their joint federal income tax returns (Form 1040) as nonpassive income from an S corporation. The Commissioner issued to taxpayer a Notice of Determination in which it was determined that Murdock was an employee of taxpayer for purposes of federal employment taxes, and (2) taxpayer was not entitled to "safe harbor" relief from these taxes under Section 530 of the Revenue Act of 1978.

Taxpayer has filed a brief in which it maintains that Murdock and his wife filed their 1995, 1996 and 1997 federal tax returns (Forms 1040 and Schedules) in a manner consistent with receiving and reporting income from the profits of (the Subchapter S) taxpayer, and that taxpayer was never the employer of Murdock during any part of 1995, 1996 or 1997, or at any other time in taxpayer's existence, based on the application of the common law employer-employee relationship tests of control. The brief advances a number of theories supporting its position. We need not, however, analyze these arguments so as to decide them, for the case is squarely controlled by our opinion in *Nu-Look Design, Inc. v. Comm'r of Internal Revenue*, No. 03-2754, filed January 26, 2004. The fact patterns of and the legal arguments advanced in the two cases are virtually identical. Indeed counsel are familiar with *Nu-Look* because the same counsel were involved.

*Nu-Look* rejected the arguments advanced by the taxpayer here. Its holdings are controlling here. The decision of the Tax Court will therefore be affirmed.

4

TO THE CLERK:

Kindly file the foregoing opinion.


    Edward R. Becker    
    Circuit Judge