**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER C. MINNICK; A.K. LIENHART, *Petitioners-Appellants*, v. COMMISSIONER OF INTERNAL REVENUE, *Respondent-Appellee*. | No. 13-73234 Tax Ct. No. 29632-09 OPINION |

Appeal from a Decision of the
United States Tax Court

Argued and Submitted
July 6, 2015—Seattle, Washington

Filed August 12, 2015

Before: Andrew J. Kleinfeld, Jacqueline H. Nguyen, and
Michelle T. Friedland, Circuit Judges.

Per Curiam Opinion

**SUMMARY**\*

**Tax**

The panel affirmed the Tax Court's decision, holding that for a taxpayer to take a charitable deduction for the donation of a conservation easement, any mortgage on the property must be subordinated to the easement at the time of the donation.

Taxpayers took out a loan secured by an undeveloped plot of land, for purposes of developing that land, then donated a conservation easement on parts of the land that would not be developed. The land was still subject to the mortgage, the mortgage had not been subordinated to the easement, and the bank was not informed of the easement. Taxpayers then claimed a charitable deduction. The panel deferred to the Internal Revenue Service's reasonable interpretation of its own regulations that require a mortgagee to subordinate its rights in the property to the right of the qualified organization to enforce the conservation purposes of the gift in perpetuity.

---

\* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Tim A. Tarter (argued), Woolston & Tarter, P.C., Phoenix, Arizona, for Petitioners-Appellants.

Tamara W. Ashford, Principal Deputy Assistant Attorney General; Bethany B. Hauser (argued) and Francesca Ugolini, Attorneys, Department of Justice, Washington, D.C., for Respondent-Appellee.

**OPINION**

PER CURIAM:

We are asked to decide whether Treasury Regulation § 1.170A-14(g)(2) requires that, for a taxpayer to take a deduction for the donation of a conservation easement, any mortgage on the property must be subordinated to the easement at the time of the donation. We hold that this is required by the regulation and thus affirm the decision of the Tax Court to that effect.

## I. Background

Walter C. Minnick and A.K. Lienhart ("Taxpayers") are a married couple. In 2005, Minnick took out a $400,000 loan from U.S. Bank. The loan was secured by an undeveloped plot of land Minnick already owned in Ada County, Idaho. Minnick intended to use the funds to develop that land. After Minnick received preliminary approval to develop parts of the land, the loan amount was increased to $1.4M in March 2006, and then to $1.5M in August 2006.

In September 2006, Minnick received final approval of the development plans. Two days later, Minnick donated to the Land Trust of Treasure Valley a conservation easement

on parts of the plot that would not be developed. Despite warranties in the easement agreement to the contrary, the land was still subject to the mortgage. The mortgage had not been subordinated to the easement.

Taxpayers did not inform U.S. Bank of the easement in 2006. An appraiser hired by Minnick valued the easement at $941,000, and Taxpayers claimed a charitable deduction of $389,517 on their amended 2006 tax return, carrying over the remainder to their 2007 and 2008 joint individual returns.

In September 2009, the Internal Revenue Service ("IRS" or "Commissioner") issued a Notice of Deficiency to Taxpayers for the 2007 and 2008 tax years. The Notice informed Taxpayers that the deduction for the conservation easement had been disallowed, explaining that "[d]ocumentation of fair market value was not provided."

Taxpayers timely filed a redetermination petition in Tax Court in December 2009. The Tax Court held a trial in October 2011.

## A.     Pretrial Motions and Events

In July 2011, as the case was approaching trial, Minnick contacted U.S. Bank to request a subordination of the mortgage to the easement. The bank conducted an appraisal of the property, which showed that, as a result of "market conditions," the value of the property as a whole had declined 41 percent since the last time the loan had been renewed. The appraiser also found that the conservation easements "would not impact a buyer's perception" of the land. Accordingly, after further negotiation, Taxpayers and U.S. Bank entered into a subordination agreement as well as a "Waiver, Release, and Indemnification agreement" in September 2011.

Also in September 2011, the Commissioner filed a pretrial memorandum with the Tax Court. That memorandum argued, *inter alia*, that Taxpayers were not entitled to deduct the conservation as a gift because "the mortgagee did not subordinate its rights in the property to the rights of the qualified organization to enforce the conservation purposes of the gift in perpetuity."

## B.    Trial and the Tax Court's Order

Following trial but before the Tax Court had ruled in Taxpayers' case, the Tax Court decided *Mitchell v. Commissioner (Mitchell I)*, which held that mortgages must be subordinated at the time of the donation in order to be deductible under Treas. Reg. § 1.170A-14(g)(2). 138 T.C. No. 16 (T.C. 2012), *vacated on denial of reconsideration by Mitchell v. Comm'r*, 106 T.C.M. (CCH) 215 (T.C. 2013).

In December 2012, the Tax Court ruled for the Commissioner, citing *Mitchell I.* The Tax Court concluded that, under *Mitchell I*, a mortgage must be subordinated at the time of the gift in order to be in compliance with the "in perpetuity" requirement of 26 U.S.C. § 170 and the more specific subordination requirements of Treasury Regulation § 1.170A-14(g)(2). Taxpayers moved for reconsideration, which the Tax Court denied.

Taxpayers timely filed a notice of appeal with this court. While this appeal was pending, the Tenth Circuit affirmed the Tax Court in *Mitchell I*, agreeing with the Tax Court's reasoning. *See Mitchell v. Comm'r (Mitchell II)*, 775 F.3d 1243 (10th Cir. 2015).

## II.    Standard of Review

We review the Tax Court's legal conclusions de novo. *Ann Jackson Family Found. v. Comm'r*, 15 F.3d 917, 920 (9th Cir. 1994).

### III.          Discussion

The Tax Court held that Taxpayers were deficient in taxable years 2007 and 2008, affirming the Commissioner's disallowance of the charitable deduction for those years because of Taxpayers' failure to ensure the subordination of the mortgage held by U.S. Bank at the time of the gift. Taxpayers challenge this decision, arguing that the requirement to subordinate a mortgage need not be met at the time of the gift. We reject Taxpayers' argument and hold, like the Tenth Circuit in *Mitchell II*, that Treasury Regulation § 1.170A-14(g)(2) requires that the mortgage be subordinated at the time of the gift for the gift to be deductible.

Under 26 U.S.C. § 170(h)(5)(A), a deduction for the donation of a conservation easement is permitted only if the easement's "conservation purpose is protected in perpetuity." Treasury Regulations interpreting this provision specify that when a piece of property is subject to a mortgage, "no deduction will be permitted . . . unless the mortgagee subordinates its rights in the property to the right of the qualified organization to enforce the conservation purposes of the gift in perpetuity." Treas. Reg. § 1.170A-14(g)(2).

Regulations are interpreted according to the same rules as statutes, applying traditional rules of construction. *Christopher v. SmithKline Beecham Corp.*, 635 F.3d 383, 392 (9th Cir. 2011), *aff'd*, 132 S. Ct. 2156 (2012). If the meaning of the regulation is clear, the regulation is enforced according to its plain meaning. *Id.* If the regulation is unclear, we defer to the IRS's interpretation so long as it is not "plainly erroneous or inconsistent with the regulation." *Id.* (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)); *see also Christensen v. Harris Cty.*, 529 U.S. 576, 588 (2000)

("*Auer* deference is warranted only when the language of the regulation is ambiguous."). Tax deductions are considered an act of "legislative grace" and are therefore "strictly construed." *INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84 (1992); *Durando v. United States*, 70 F.3d 548, 550 (9th Cir. 1995) ("[W]e strictly construe Code provisions granting exemptions and deductions.").

To begin, the plain language of the regulation supports the Tax Court's interpretation. *See Mitchell II*, 775 F.3d at 1250 ("[The taxpayer's] interpretation is foreclosed by the plain language of the regulation."). The regulation specifies that "no deduction will be permitted under this section for an interest in property which is subject to a mortgage unless the mortgagee subordinates its rights in the property." Treas. Reg. § 1.170A–14(g)(2). Strictly construed, this language makes clear that "subordination is a prerequisite to allowing a deduction." *Mitchell II*, 775 F.3d at 1250. In 2006, when Taxpayers made the donation and requested a deduction, there is no dispute that U.S. Bank had not subordinated its rights in the property. Thus, under the plain meaning of the regulation, no deduction is permitted.

Even if ambiguity arguably exists in the language of the regulation with respect to when subordination is required, this would not change the outcome, because under *Auer* we defer to the IRS's reasonable interpretation of its own regulations. Here, at the Tenth Circuit, and in front of the Tax Court, the IRS has consistently argued that the regulation requires subordination at the time of the gift, so there is no "reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question." *Auer*, 519 U.S at 462.

Further, the IRS's interpretation is reasonable and is not "plainly erroneous or inconsistent with the regulation." *Id.*

at 461.  As the Tenth Circuit held, "[b]ecause a conservation easement subject to a prior mortgage obligation is at risk of extinguishment upon foreclosure, requiring subordination at the time of the donation is consistent with the Code's requirement that the conservation purpose be protected in perpetuity." *Mitchell II*, 775 F.3d at 1251.  An easement can hardly be said to be protected "in perpetuity" if it is subject to extinguishment at essentially any time by a mortgage holder who was not a party to, and indeed (as here) may not even have been aware of, the agreement between the Taxpayers and a conservation trust.

## IV.          Conclusion

For the foregoing reasons, we hold that, in order for the donation of a conservation easement to be protected "in perpetuity," any prior mortgage on the land must be subordinated at the time of the gift.[1]

**AFFIRMED.**

---

[1] We address Taxpayers' remaining arguments in a concurrently filed memorandum disposition.