# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3277
_____

RP Golf; SB Golf, LLC, Tax Matters Partner

*Petitioner*s

v.

Commissioner of Internal Revenue

*Respondent*

_____

Petition for Review of an Order of the
Commissioner of Internal Revenue

_____

Submitted: February 7, 2017
Filed: June 26, 2017

_____

Before SMITH[1], BENTON and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

RP Golf, LLC claimed a charitable deduction of $16.4 million on its 2003 tax return for donating an easement to the Platte County Land Trust (PLT). The Commissioner of Internal Revenue disallowed the deduction, finding RP Golf did not make a "qualified contribution easement" under 26 U.S.C. § 170(b)(1)(E). After

_____

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

trial, the tax court[2] ruled for the Commissioner. ***RP Golf, LLC v. Comm'r***, 111 T.C.M. (CCH) 1362 (2016). Having jurisdiction under 26 U.S.C. § 7482, this court affirms.

I.

In 1997 and 1998, RP Golf acquired land in Platte County, Missouri. It developed two private golf clubs, The National and The Deuce. To fund the purchase, RP Golf obtained loans from two banks: Hillcrest and Great Southern. Hillcrest financed the original purchase in 1997. Great Southern gave a development loan in 2001. Both loans were secured by deeds of trust in property.

In December 2003, RP Golf granted a permanent conservation easement to PLT, a Missouri not-for-profit corporation. The easement's purpose was to "further the policies of the State of Missouri designed to foster the preservation of open space and open areas, conservation of the state's forest, soil, water, plant and wildlife habitats, and other natural and scenic resources."

On April 14, 2004, Great Southern and Hillcrest signed subordinations of their mortgages to PLT's right to enforce the easement. Both subordinations state an effective date of December 31, 2003. Also on April 14, RP Golf filed its 2003 partnership tax return claiming a $16.4 million tax deduction for the easement.

The Commissioner disallowed RP Golf's $16.4 million charitable deduction, claiming it did not meet the requirements for a "qualified conservation contribution" under 26 U.S.C. § 170(b)(1)(E). RP Golf challenged the Commissioner's decision in tax court. After trial, the tax court found RP Golf's easement was "not protected in perpetuity, and, therefore, was not a qualified conservation contribution." RP Golf appeals.

---

[2]The Honorable Elizabeth C. Paris, United States Tax Court.

II.

This court reviews decisions of the tax court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." *Nelson v. Comm'r.*, 568 F.3d 662, 664 (8th Cir. 2009). Factual findings are reviewed for clear error, and legal determinations de novo. *Scherbart v. Comm'r*, 453 F.3d 987, 989 (8th Cir. 2006).

RP Golf sought the charitable tax deduction for a "qualified conservation contribution." **26 U.S.C. § 170(b)(1)(E)**. A "qualified conservation contribution" is a contribution of 1) a real property interest, 2) to a qualified organization, 3) exclusively for conservation purposes. **26 C.F.R. § 1.170A-14(a)**. Only the third requirement is at issue here: whether the property was donated "exclusively for a conservation purpose." *Id.*

The conservation purpose must be "protected in perpetuity." **26 U.S.C. § 170(h)(5)(A)**. "The Code does not define the phrase 'protected in perpetuity,' or otherwise describe how a taxpayer may accomplish this statutory mandate." *Mitchell v. Comm'r*, 775 F.3d 1243, 1247 (10th Cir. 2015). The Commissioner's regulations elaborate on the protected-in-perpetuity requirement. *See Comm'r v. Engle*, 464 U.S. 206, 226-27 (1984) (recognizing that 26 U.S.C. § 7805 authorizes the Commissioner to prescribe all "needful rules and regulations" to enforce of the Code). 26 C.F.R. § 1.170A-14(g)(2) says:

> no deduction will be permitted under this section for an interest in property which is subject to a mortgage unless the mortgagee subordinates its rights in the property to the right of the qualified organization to enforce the conservation purposes of the gift in perpetuity.

This regulation is binding unless "arbitrary and capricious in substance, or manifestly contrary to the statute." *See **Mayo Found. for Med. Educ. & Research v. United States***, 562 U.S. 44, 53 (2011). If the regulation's meaning is not plain, this court "defers to the Commissioner's reasonable interpretations, even those advanced in his legal brief, unless 'plainly erroneous or inconsistent with the regulation[],' or there is any other 'reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question.'" *See **Mitchell***, 775 F.3d at 1249, *quoting **Chase Bank USA, N.A. v. McCoy***, 562 U.S. 195, 209 (2011).

III.

RP Golf believes it met the "protected in perpetuity" requirement even if the subordination occurred *after* the conveyance. However, both the Ninth and the Tenth Circuits have held that § 1.170A-14(g)(2) requires a mortgage to be subordinated at the time of the gift. ***Minnick v. Comm'r***, 796 F.3d 1156, 1159 (9th Cir. 2015) (nearly five-year gap between easement's conveyance and subordination); ***Mitchell***, 775 F.3d at 1248 (two-year gap). In both cases, the taxpayers argued—like RP Golf—that the Code's silence about the timing of subordination allows it after the conveyance of the easement. According to those courts, the plain language of § 1.170A-14(g)(2) means "subordination is a prerequisite to allowing a deduction." ***Minnick***, 796 F.3d at 1159, *quoting **Mitchell***, 775 F.3d at 1250. Even if the regulation were ambiguous, this court agrees with *Mitchell* that the Commissioner presents "a reasonable interpretation of [§ 1.170A-14(g)(2)'s] mandate that no deduction will be permitted for an interest in property that is subject to a mortgage *unless* the mortgage is subordinated." *See **Mitchell***, 775 F.3d at 1251 (emphasis in original).

RP Golf claims this is a technicality that posed no threat to the easement. It invokes the next provision, § 1.170-14(g)(3):

> A deduction shall not be disallowed . . . merely because the interest which passes to, or is vested in, the donee organization may be defeated by the performance of some act or the happening of some event, if on the date of the gift it appears that the possibility that such act or event will occur is so remote as to be negligible.

*Mitchell* rejected this argument: "[T]he remote future provision cannot reasonably be read as modifying the strict mortgage subordination requirement." *Mitchell*, 775 F.3d at 1254. Instead, it held that the subordination requirement "is evidence that in promulgating the rules, the Commissioner specifically considered the risk of mortgage foreclosure to be neither remote nor negligible, and therefore chose to target the accompanying risk of extinguishment of the conservation easement by strictly requiring mortgage subordination." *Id.* at 1253. *See Comm'r v. Nat'l Alfalfa Dehydrating & Milling Co.*, 417 U.S. 134, 148 (1974) ("The propriety of a deduction does not turn upon general equitable considerations . . . . Rather, it depends upon upon legislative grace; and only as there is clear provision therefore can any particular deduction be allowed." (internal quotation omitted)).

The regulations "do not permit a charitable contribution deduction unless any existing mortgage on the donated property has been subordinated, irrespective of the likelihood of foreclosure." *See Mitchell*, 775 F.3d at 1255. In order to take the qualified conservation contribution deduction, Hillcrest and Great Southern must have subordinated their mortgages to PLT's interest before RP Golf conveyed the easement in December 2003.

IV.

RP Golf argues it secured oral agreements with Hillcrest and Great Southern to subordinate their mortgages before the conveyance to PLT. The tax court found that RP Golf failed to prove the existence of the oral agreements:

[T]he evidence does not establish the oral consent agreements that RP Golf claims to have reached with Great Southern Bank and Hillcrest Bank regarding subordination of their interests in the easement property. The record contains no testimony or documentation from either of the banks that is dated on or before the date National Golf executed the PLT agreement to convey the easement to PLT and that corroborated RP Golf's claim of an oral agreement to subordinate . . . . Even though RP Golf's representative testified that he was "sure" he talked with Great Southern Bank and Hillcrest Bank about subordinating their interests to the easement before December 29, 2003, he did not remember who he talked to at the banks.

RP Golf believes this is not a "finding of fact" because it is in the "Opinion" section of the tax court's decision. "The fact that the [tax] court intermingled some of its findings of fact with its conclusions of law is of no significance. We look at a finding or a conclusion in its true light, regardless of the label that the [tax] court may have placed on it." *United States v. 1.377 Acres of Land, More or Less, Situated in City of San Diego*, 352 F.3d 1259, 1269-70 (9th Cir. 2003) (internal citation omitted). *Accord* *Walker v. Kelly*, 593 F.3d 319, 326 n.3 (4th Cir. 2010). *See also* *Nelson*, 568 F.3d at 664 (reviewing tax court decisions "in the same manner and to the same extent as decisions of the district courts").

The tax court made a finding of fact about oral agreements. It found insufficient testimony or documentation of the alleged oral agreements. It assessed the credibility of RP Golf's representative, noting that he "did not remember who he talked to at the banks" despite his own testimony that he was "sure" he spoke with bank representatives. Viewing the tax court's finding in its "true light, regardless of the label," it made a finding of fact that "[t]he evidence does not establish the oral consent agreements that RP Golf claims." *See* *1.377 Acres of Land*, 352 F.3d at 1269-70.

This finding was not clearly erroneous. "When the tax court's fact finding is based on a credibility determination, such finding is nearly unreviewable." ***Blodgett v. Comm'r***, 394 F.3d 1030, 1035 (8th Cir. 2005), *citing* ***Anderson v. City of Bessemer City***, 470 U.S. 564, 575 (1985) (stating a fact finder's determination on credibility can virtually never be considered clearly erroneous).

Because the banks' mortgages were not subordinated before the charitable conveyance occurred in December 2003, RP Golf is not entitled to a deduction on its 2003 tax return for a qualified conservation contribution.

\* \* \* \* \* \* \*

The judgment of the tax court is affirmed.

_____